GILLESPIE *et al. v.* BROADWAY NAT. BANK *et al.*

(*Nashville,* December Term, 1933.)

Opinion filed Feb. 24, 1934.

James A. Newman, of Nashville, for appellants.

Roy A. Miles, of Nashville, for appellees.

Mr. Justice Chambliss delivered the opinion of the Court.

In October, 1924, I. N. Dehart, owner, leased certain premises in Nashville for fifty years to Blackwood Tire Company, Incorporated, on a graduated rental basis. Contemporaneously, the owner entered into a contract with George R. Gillespie, trading as George R. Gillespie Company, who, as a rental and real estate agent, negotiated the lease, by which Gillespie was to collect the rents accruing under the lease and look after the property as the agent of the owner, and was to receive as compensation five per cent. of the collections. This contract further provided that: "At any time said I. N. Dehart and wife, Julia Dehart (who had joined in the lease), their heirs, representatives or assigns, desire to take over the collection of said rentals upon said property, they may do so upon paying to George R. Gillespie, his heirs, representatives or assigns, a sum equal to three (3) per cent. of the rentals that would accrue to the end of this lease and after time of such notice of their desire to do so," etc. The contract further expressly provided that it should be binding on "the heirs, executors, legal representatives, administrators, successors and assigns of

respective parties the same as if they were named and expressed therein,'' etc.

January 1, 1927, J. B. Gillespie, complainant in this suit, entered into partnership with his father, George R. Gillespie, and continued the business under the same name and style, to-wit, George R. Gillespie Company. George R. Gillespie died in July following, and the son continued to perform under the contract until January 28, 1928, next, when, at the request of the owner, he delivered to I. N. Dehart, owner, rental notes of the lessee covering rentals for that year, 1928; the owner at the time paying to Gillespie five per cent. thereon.

On April 17th of that year, 1928, I. N. Dehart died, and on the 20th of that month Broadway National Bank, defendant herein, qualified as executor under his will. After its qualification as executor, and prior to March 15, 1929, the bank notified the complainant J. B. Gillespie that it would thereafter take over the handling of the property and itself collect the rents accruing thereunder, and instructed the lessee to account to it direct for said rents. This was done, and consented to by Gillespie, who, however, expressed his readiness to continue to make said collections. All rents for the year 1929 and since have been collected by said bank. ''Shortly after'' (see stipulation) said March 15, 1929, Gillespie made demand on the bank, executor, for the payment of three per cent. on the rentals for the remainder of the fifty-year term, and thereupon, as stipulated, ''Defendant, Broadway National Bank, Executor, again disclaimed any liability under said contract on the grounds that it called for the performance of personal services by George R. Gillespie,'' deceased.

From time to time other demands to the same effect were made by Gillespie, these demands being met by a refusal to recognize said contract on the grounds indicated. No suit was, however, brought until the filing of the bill in this cause on the 19th day of February, 1931, by Mrs. George R. Gillespie, executrix of the will of her husband, and J. B. Gillespie, his son. The defense interposed was twofold: (1) That the contract was for personal services and expired with the death of the agent; and (2) that the suit against the personal representative, the bank as executor, was barred by the statute.

The learned chancellor overruled these contentions and gave a decree for the complianants. The cause is here by direct appeal, having been heard on a stipulation of facts.

Two questions are thus presented. As to the first, conceding that the contract before us is not of that personal service class to which the rule of termination upon death of the agent applies, it appearing that parties did not so contemplate, as indicated by (1) the length of time for its running, fifty years, beyond a lifetime expectancy, (2) the alternative provision for the payment of three per cent. on the sum of the lease payments, and (3) the express provision extending its obligations to heirs, assigns, successors, and representatives, we are met by the defense of the limitation statutes, applicable to suits against personal representatives.

The Code provision (Shannon's, section 4481) reads as follows:

"Actions against the personal representatives of a deceased person shall be commenced by a resident of the state within two years, and by a nonresident within three years, after the qualifications of the personal representa-

tive, if the cause of action accrued in the lifetime of the deceased, or, otherwise, from the time the cause of action accrued. (1789, chapter 23, section 4.)''

It has been seen that the defendant bank qualified as executor on the 20th of April, 1928, two years and ten months before this suit was brought, on the 19th of February, 1931. Excluding the six months' period following the appointment (Code, section 4451), two years and four months yet intervened.

█ It is well settled that the statute does not begin to run in favor of the personal representative until the time when the right of action accrues in the creditor-claimant. For the defendant it is said:

First, that the right of action accrued in 1928 on the anticipatory breach by the executor of the contract as a whole, and reliance is had on the following clause of the stipulation:

''After the Broadway National Bank qualified as Executor of the will of I. N. DeHart on April 20, 1928, and continuously until the bill in this cause was filed, it, as such Executor, upon demands by complainant, J. B. Gillespie, disclaimed any further liability to complainants under said lease and rental agreement for the commissions therein specified to be paid to George R. Gillespie Company, on the ground that it was advised that this was a contract for personal services and the estate was not liable therefor. The defendant Bank, as Executor, notified the Complainant, J. B. Gillespie, that it would collect all future rents, as it was advised it was its duty so to do, and rents from January 1, 1929, to the present time have been paid to and collected by Defendant Bank as Executor.''

As before shown, rents had been paid in advance for 1928, by notes, and the five per cent. commission to the agent had been paid thereon, but it appears that during that year the executor had taken over the management of the property and the collection of the rents, and notified complainant that it would continue thereafter to do so, and disclaimed any future or further liability under said contract as one for personal services determinable upon death. It is, therefore, plausibly argued that the right of action to recover the three per cent. here sued for accrued in 1928.

And, second, it is said that an actionable right conclusively arose when the executor refused to recognize, or make any payment on the contract, in January, 1929.

In the brief of learned counsel for complainant it is said that since the commission at five per cent. had been paid for 1928, *"except for the action of the executor in terminating the contract,* no claim could have accrued to complainants under said contract until the rent for the month of January, 1929, became due." It appears thus to be conceded, by the language we italicize, that a right of action thus and then arose; the insistence being that this was not, however, a right of action against the decedent, to which the two-year statute applies, but one against the executor, grounded on its election to terminate the contract, which, it is said, "Created an entirely different obligation from any that had theretofore existed. . . . The obligation and the resulting cause of action is therefore of necessity against the administrator, which is affected alone by the statute of limitations of six years." In support of this view, Sizer's Pritchard on Wills is quoted (section 737):

"The statute is limited in its operation to demands arising against deceased persons in their lifetime and does not apply to such as *originate* by contract, expressed or implied, with the executor or administrator."

We have italicized a distinguishing word, and just here is presented what appears to be the determinative issue in the instant case. Two classes of claims on which suits against an executor may be predicated are plainly recognized by the author quoted; those which "originate" by contract with the decedent, and those which originate with the executor. The author quoted had in mind the language of this court in construing the statute, "all persons are considered 'creditors' who have demands originating from contracts or agreements" with the deceased. *Williams* v. *Conrad,* 11 Humph., 418.

The statute under consideration (Shannon's Code, section 4012) reads: "The creditors of deceased persons, if they reside within this state, shall, within two years . . . from the qualification of the executor or administrator, exhibit to them their accounts, debts, and claims, and make demand, and bring suit for the recovery thereof, or be forever barred in law and equity."

██ ██ What then is the ground, basis, origin of this claim here sued on? It appears to us clearly to be the contract made with the decedent. Its repudiation, its breach, gave rise to the right of action, but the right to a recovery originates, rests on the contract, without the establishment of which no claim would exist. The election exercised by the executor, relied on as a basis of action, was not an election under the contract to adopt the alternative of payment of a lump sum of three per cent., but a repudiation and rejection of the contract altogether as of no binding force. The abandonment, or repudiation,

or other breach of a contract, gives rise to, creates the occasion for, an action *on the contract.* Our cases relied on by counsel for complainant all recognize the distinction noted, and hold the personal representative liable, and the statute of two years inapplicable, on the theory that he had made himself liable as such by, for example, indorsement of a note (*Wyatt* v. *Luton,* 10 Heisk., 458), or a promise to pay an account or claim (*Broun* v. *Porter,* 7 Humph., 373; *McWhirter* v. *Jackson,* 10 Humph., 210).

In this view, we feel impelled to hold that complainants are ''creditors,'' as defined by our cases, of the decedent, that this is a suit to recover on a claim ''originating from'' a contract with the deceased, and not having been brought within two years and six months from the qualification of the executor, and more than two years after the right to sue thereon had accrued, by reason of its breach and repudiation by the executor, it is barred.

The decree must be reversed and the bill dismissed.