### COFFEY v. FISHER.
#### No. 7906.

Circuit Court of Appeals, Sixth Circuit.
Nov. 16, 1938.

Charles C. Moore, of Chattanooga, Tenn. (Charles C. Moore, of Chattanooga, Tenn., on the brief), for appellant.

R. A. Davis, of Athens, Tenn. (Jones & Davis, of Athens, Tenn., on the brief), for appellee.

Before HICKS, SIMONS, and HAMILTON, Circuit Judges.

HICKS, Circuit Judge.

The parties will be referred to as they stood upon the record in the District Court.

The plaintiff appealed from an order sustaining a demurrer to his declaration. The declaration alleges that he was Receiver of the First National Bank of Chattanooga and that on April 19, 1934, the Comptroller of the Currency levied an assessment against each and every share of its capital stock for 100% of the par value thereof, payable on May 26, 1934; that on May 17, 1934, the Comptroller extended the time for payment subject to further order; and that on June 19, 1934, the time of payment was further extended by the Comptroller until June 26, 1934; that on June 22, 1934, the time was again extended by the Comptroller subject to further order; that these extensions were made at the request of the stockholders through a committee which protested the necessity of the hundred per-

cent assessment and requested a reappraisal of the assets of the bank; that finally the reappraisal was completed and the necessity for the assessment was established to the satisfaction of the committee and that the Comptroller then, on March 11, 1935, further extended payment on the assessment to April 15, 1935; that under date of March 13, 1935, plaintiff gave notice of the assessment to all the stockholders including the defendant, J. G. Fisher, Executor of the Estate of S. F. Gettys, deceased.

The declaration further alleged that S. F. Gettys died on August 1, 1933, the owner of 500 shares of the capital stock of the bank; that on August 19, 1933, defendant Fisher qualified as Executor of the estate of the deceased Gettys, and took into his possession the assets of the estate which were more than sufficient to pay the amount of the assessment upon the stock held by the defendant as executor, together with all other indebtedness of the estate; that Fisher, as executor, became liable for the full amount of the assessment with interest to be collected from the assets of the estate in his hands as executor.

Plaintiff's suit was brought to enforce the statutory liability (Title 12, Sec. 66, U.S.C., 12 U.S.C.A. § 66) of the estate of Gettys for the benefit of creditors of the bank. The gravamen of the demurrer was that plaintiff's action was barred by the Tennessee statute of limitations, Code of Tennessee, 1932, Sec. 8225, as follows:

"8225 4012 (2279). *Creditors to sue, when.*—The creditors of deceased persons, whether the former live within or without this state, shall, within eighteen months (which period shall be deemed to include the six months protective period) from the qualification of the executor or administrator, file with the latter their accounts, demands and claims, that are matured or accrued causes of action at the date of such qualification, and bring suit for the recovery thereof, or be forever barred. *As to accounts, demands and claims not so matured or accrued, the period allowable before bar is six months from the date the cause of action thereon accrued.* (Modified.)" (Italics ours.)

Plaintiff makes the point that the statute is not applicable because he was not a creditor of the deceased.

It is true enough that plaintiff's cause of action is statutory (Forrest v. Jack, 294

U.S. 158, 162, 55 S.Ct. 370, 371, 79 L.Ed. 829, 96 A.L.R. 1457) but it originated in the stock ownership of Gettys. Had Gettys not once owned the stock plaintiff would have had no cause of action at all. His ownership was burdened with his double liability under Title 12, Sec. 63, U.S.C., 12 U.S.C.A. § 63, and it is this liability which plaintiff seeks to enforce against his estate. While Gettys' liability was in a sense statutory, it was in a very real sense contractual.

In Matteson v. Dent, 176 U.S. 521, 525, 20 S.Ct. 419, 421, 44 L.Ed. 571, it was said:

"The obligation of a subscriber to stock to contribute to the amount of his subscription for the purpose of the payment of debts is contractual, and arises from the subscription to the stock. True, whether there is to be a call for the performance of this obligation depends on whether it becomes necessary to do so in consequence of the happening of insolvency. But the obligation to respond is engendered by and relates to the contract from which it arises. This contract obligation, existing during life, is not extinguished by death, but like other contract obligations survives and is enforceable against the estate of the stockholder."

See, also, Richmond v. Irons, 121 U.S. 27, 7 S.Ct. 788, 30 L.Ed. 864; McDonald v. Thompson, 184 U.S. 71, 22 S.Ct. 297, 46 L.Ed. 437; Christopher v. Norvell, 201 U.S. 216, 228, 26 S.Ct. 502, 50 L.Ed. 732, 5 Ann.Cas. 740.

The suit, being for the benefit of creditors and having its origin in the stock ownership of Gettys, the plaintiff must be regarded as a creditor of Gettys. Such is the holding in Gillespie v. Broadway National Bank, 167 Tenn. 245, 68 S.W.2d 479, construing the term "creditors" as used in this statute, then styled Sec. 4012. The Gillespie Case is the last of a line of Tennessee cases holding that all persons having demands originating from contracts or agreements with the deceased are creditors of his estate in the sense of the statute. See Shannon's Annotated Code, Vol. 4, Sec. 4012, note 3. Section 8225 appears as a part of Article 12 (Limitations of Suits Against Personal Representatives) of Chapter 2 (Administration of Estates) of Title III (Rights in the Estates of Decedents) of Part II (Private Rights) of the 1932 Code, and is a modification of Sec. 4012 of Thompson's Shannon's Code in effect prior to 1932, which reads as follows:

"*Creditors to sue in two and three years.*—The creditors of deceased persons, if they reside within this state, shall, within two years, and, if without, shall, within three years, from the qualification of the executor or administrator, exhibit to them their accounts, debts, and claims, and make demand, and bring suit for the recovery thereof, or be forever barred in law and equity. (1789, ch. 23, sec. 4.)"

The modifications consisted in the abolition of the distinction between domestic and foreign creditors, in abridging the period of time within which suits might be brought; and in the addition of the clause we have italicized, establishing a distinction between claims accruing before and ones accruing after the qualification of the executor or administrator and in fixing the limitation of six months upon the latter.

Plaintiff's cause of action did not accrue until after August 19, 1933, the date upon which defendant qualified as executor, and if Sec. 8225 is applicable, and we think it is, it matters not whether the cause of action accrued on April 19, 1934, the date upon which the Comptroller made the assessment, or upon April 15, 1935, the close of the last extension period allowed to stockholders for payment, for in either case the suit was barred by the last sentence of the statute, which we have italicized.

But plaintiff insists that Sec. 8608 is the applicable statute. This section is as follows:

"8608 4481 (2784). *Against personal representative.*—Actions against the personal representatives of a deceased person shall be commenced within eighteen months, including the six months' protective period, after the qualification of the personal representative, if the cause of action accrued in the life-time of the deceased, or, otherwise, from the time the cause of action accrued. (1789, ch. 23, sec. 4. Modified.)"

It appears as a part of Article 3 (Limitation of Actions other than Real) of Chapter 2 (Limitations of Actions), of Title I (Civil Actions) of Part III (The Redress of Civil Injuries) of the Tennessee Code of 1932.

It will be observed that Sec. 8608 provides a bar to suits generally against

personal representatives, while Sec. 8225 provides a specific bar to such suits as plaintiff has brought, i. e., suits for creditors, and must control. See Jones v. Reynolds, 5 Baxt., Tenn., 644, 648; Pufahl v. Estate of Parks, 299 U.S. 217, 228, 57 S.Ct. 151, 157, 81 L.Ed. 133. But even Sec. 8608 would bar plaintiff's suit if the cause of action arose when the assessment was made on April 19, 1934, because his suit was not begun until more than eighteen months thereafter, or until June 29, 1936.

■ Plaintiff insists that his cause of action accrued on April 15, 1935, the last extension date allowed for payment by the Comptroller, and upon the theory that Sec. 8608 is applicable, he had eighteen months thereafter within which to sue. We recognize that there are decisions supporting his contention but the last pronouncement of the Supreme Court is to the contrary. In Pufahl v. Estate of Parks, supra (page 222, 57 S.Ct. page 155), the court said:

"The contingent obligation to pay an assessment is rendered absolute by the Comptroller's action in ordering one; whether that action be taken during the stockholder's life or after his death. From the moment of the Comptroller's order for assessment the bank's receiver has a claim which would support an action of debt at common law against a living stockholder, or the executor of a deceased stockholder."

At page 224, 57 S.Ct. at page 156 it was said:

"Where the assessment has been made in the decedent's lifetime an accrued and provable debt exists against his estate; if made after his death a claim against the funds and assets of the estate accrues as of the date of assessment."

See, also, Rankin v. Barton, 199 U.S. 228, 232, 26 S.Ct. 29, 50 L.Ed. 163; Mann v. Kleisdorff, 5 Cir., 16 F.2d 997; Drain v. Stough, 9 Cir., 61 F.2d 668, 670, 87 A.L.R. 490; Johnson v. Greene, 9 Cir., 88 F.2d 683.

The various extensions for time of payment should not be regarded as tolls of the statute because it is of vital importance that estates be closed speedily. While the extensions were acts of grace to unfortunate stockholders, and made here, as stated in the declaration, at their request, through their committee and for their convenience, nevertheless they do not for that reason toll the statute. But, tested by the declaration, they were not made at the request of defendant, who was not a stockholder and had no connection with the committee. The extensions were made upon the assumption that the right to sue existed from the date of the assessment and in such situation, even upon plaintiff's contention that Sec. 8608 applied, still his suit was barred by the provision of Sec. 8604 of the Tennessee Code, to the effect that, "when a right exists, but a demand is necessary to entitle a party to action, the limitation commences from the time the plaintiff's right to make the demand was completed, and not from the date of the demand."

The order of the District Court is affirmed.