FISHER, RECEIVER, *v.* WHITON, EXECUTRIX,
ET AL.

No. 85.   Argued November 16, 1942.—Decided December 7, 1942.

*Messrs. John F. Anderson* and *S. Bartow Strang,* with whom *Mr. Lee Roy Stover* and *Harriet Buckingham* were on the brief, for petitioner.

*Mr. Joe Frassrand,* with whom *Mr. Charles A. Noone* was on the brief, for respondents.

MR. JUSTICE MURPHY delivered the opinion of the Court.

In *Rawlings* v. *Ray,* 312 U. S. 96, we decided that state statutes of limitations govern the time within which to enforce the liability imposed upon stockholders of insolvent national banks by assessments levied by the Comptroller of the Currency; that the question as to the time when a complete and present cause of action arises in the receiver to enforce that liability by suit is a federal question; that nothing in the applicable statutes, 12 U. S. C. §§ 63, 64, 191, 192, prevents the Comptroller in making an assessment from fixing a later date for payment; and, that suit cannot be instituted prior to the date fixed for payment and a state statute of limitations does not begin to run until that date. In this case the Comptroller extended the time for payment beyond the date originally set, and we must decide whether time runs from the first or the final date fixed for payment.

Petitioner is the successor to the original receiver for the insolvent First National Bank of Chattanooga. On April 19, 1934, the Comptroller of the Currency levied an assessment against the Bank's stockholders for 100% of the par value of their shares, payable on May 26, 1934.[1] By successive orders entered on May 17, 1934, June 19, 1934, June 22, 1934, and March 11, 1935, the original maturity date of May 26, 1934, was extended to make the assess-

---

[1] This is the date given in the pleadings. However, the opinions of the courts below refer to May 23, 1934, as the first date fixed for payment.

ment payable on April 15, 1935. Notice of the assessment was given to all stockholders on March 13, 1935.

Respondent, as successor to the original executrix, represents the estate of C. C. Nottingham, which held stock of the Bank, to the extent of $138,000 par value, at the time of the assessment. No steps were taken to enforce against the estate the liability imposed by the assessment until August 2, 1935, when petitioner's predecessor filed an answer and a cross-bill in an action commenced on July 24, 1935, in the Chancery Court for Hamilton County, Tennessee, by the original executrix to require all creditors to appear and establish their claims.

The Chancery Court held that petitioner's assessment claim accrued on the date first fixed for payment, May 23, 1934,[2] and that the claim was barred by § 8225 of the Tennessee Code,[3] fixing a period of "six months from the date the cause of action thereon accrued" within which to enforce previously unmatured claims against decedents. The Court of Appeals affirmed, relying upon § 8604 of the Code[4] as well as § 8225. 25 Tenn. App. 230, 155 S. W. 2d 882. The Supreme Court of the State denied a petition for writ of certiorari. The importance of the question in the administration of insolvent national banks[5] and a conflict with the decision in *Strasburger* v. *Schram*, 68 App. D. C. 87, 93 F. 2d 246, caused us to grant certiorari.

---

[2] See Note 1, *supra*.

[3] Michie's Tennessee Code of 1938, Annotated.

[4] "Sec. 8604. *Time runs from accrual of right, not demand.* When a right exists, but a demand is necessary to entitle the party to an action, the limitation commences from the time the plaintiff's right to make the demand was completed, and not from the date of the demand."

[5] The double liability feature of national bank stock has been eliminated where there has been compliance with the provisions of the statute, but this does not apply to banks in difficulty prior to July 1, 1937, except as to stock issued after June 16, 1933. 12 U. S. C. § 64 (a).

Our starting point, of course, is *Rawlings* v. *Ray, supra.* That case adequately disposes of respondent's contention that no federal question is presented by this case; whether petitioner's cause of action was complete on May 26, 1934, or April 15, 1935, is a federal question, 312 U. S. at p. 98, which was duly raised and preserved by appropriate exceptions and assignments of error. And, even as we found nothing in the applicable statutes to question "the authority of the Comptroller in making an assessment to fix a later date for its payment," *id.* at p. 99, we see nothing in the pertinent legislation, 12 U. S. C. §§ 63, 64, 66, 191, 192, forbidding the Comptroller to extend the date fixed for payment within reasonable limits from time to time. Such extensions seem to be in accord with a long established practice designed to achieve the desirable result of avoiding excessive and unnecessary assessments.[6] See *Strasburger* v. *Schram,* 68 App. D. C. 87, 89; 93 F. 2d 246, 248. Compare *Korbly* v. *Springfield Institution for Savings,* 245 U. S. 330, where, in upholding the power of the Comptroller to withdraw one assessment and levy a later one, we emphasized the desirability of a large measure of administrative discretion and flexibility in the adjustment of assessments to the "exigencies of each case." p. 333.

Since the Comptroller has power to extend the time for payment, respondent was not required to pay until April 15, 1935, and prior to that time suit could not be instituted against her. *Rawlings* v. *Ray, supra,* p. 98. While the receiver enforces the liability created by the assessment, 12 U. S. C. §§ 191, 192, he does so subject to the direction of the Comptroller, *Kennedy* v. *Gibson,* 8 Wall.

---

[6] The record does not disclose the reason for the extensions of time here, but it appears that they were made at the request of a stockholders' committee which protested the necessity of a 100% assessment and asked for a reappraisal of the Bank's assets. See *Coffey* v. *Fisher,* 100 F. 2d 51, 52, involving the same assessment here considered.

498, 505. So petitioner did not have a complete and present cause of action until April 15, 1935. Since the words "from the date the cause of action accrued thereon," as used in § 8225 of the Tennessee Code, seem to have their usual meaning and refer to the time when suit may be instituted,[7] it follows that petitioner's claim, filed on August 2, 1935, was in time.

Respondent stresses § 8604 of the Code.[8] But, as pointed out above, petitioner had no right to demand payment before April 15, 1935, so, even if § 8604 applies, it does not bar petitioner's claim.

Respondent mistakenly relies upon *Pufahl* v. *Estate of Parks,* 299 U. S. 217, which has no application, because in that case "we were not considering or deciding the question of the application of a statute of limitations to a suit against a stockholder upon an assessment made by the Comptroller where payment was not required before a specified date, prior to which no suit could be maintained." *Rawlings* v. *Ray, supra,* p. 99.

We are not unmindful that it is desirable to close decedents' estate speedily, but there is no warrant in the federal legislation for allowing that consideration to limit the power of the Comptroller to extend the time for payment of an assessment.

The judgment below is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

*Reversed.*

---

[7] See *Jones* v. *Whitworth,* 94 Tenn. 602, 616, 30 S. W. 736; *Gillespie* v. *Broadway National Bank,* 167 Tenn. 245, 249, 68 S. W. 2d 479; *Knoxville* v. *Gervin,* 169 Tenn. 532, 544, 89 S. W. 2d 348.

[8] See Note 4, *supra.*