**WOODS, Housing Expediter, v. WEBB.**

**No. 12429.**

United States Court of Appeals,
Fifth Circuit.

Dec. 7, 1948.

Ed Dupree, Gen. Counsel, Benjamin I. Shulman, Sp. App. Atty., and Hugo V. Prucha, Asst. Gen. Counsel, all of Washington, D. C., J. Edwin Fleming, Lit. Atty., and H. C. Happ, Regional Atty., both of Dallas, Tex., and Cecil H. Lichliter, Sp. Lit. Atty., of Washington, D. C., for Housing Expediter.

C. M. Hudspeth, of Houston, Tex., for appellee.

Before HOLMES, WALLER, and LEE, Circuit Judges.

LEE, Circuit Judge.

This appeal is taken by the Housing Expediter from an adverse decision in the District Court in an action to obtain injunctive relief, statutory damages, and restitution for alleged violations of the Emergency Price Control Act of 1942, § 1 et seq., as amended, 50 U.S.C.A. Appendix, § 901 et seq.

The defendant, when the alleged rental overcharges occurred, owned premises at 4310 Beggs St., Houston, Texas; at the time of the trial he was no longer the owner. About April 20, 1945, the defendant rented these premises to Mrs. Carrie Burkhart, receiving as rental $65 per month to April 18, 1946. Though subject to the Rent Regulation for Housing, particulary § 7 which required the landlord to file a registration statement within thirty days of the first rental of the premises, the defendant did not file such a statement until February 28, 1946. The regulation, § 4(e), provides that, where the landlord fails to file a proper registration statement within the time specified, the rent received is subject to refund to the tenant in any amount in excess of the maximum which may later be fixed by order. On April 12, 1946, the Area Rent Director, by order, reduced the rent from $65 to $40 per month and ordered a refund. Later, on July 26, the Area Rent Director issued an order superseding the April order and reducing the rent to $35, and again ordered refund of the excess. The landlord failed to obey either of these orders. On August 6, the July order was modified, and the maximum rent was set at $40 per month to July 26 and $35 per month thereafter. The tenant not having instituted any action under § 205(e) of the act, the Expediter commenced the present action on March 20, 1947. The court below granted a motion to dismiss as to overcharges occurring before March 20, 1946, basing the decision on the premise that the one-year statute of limitation had run. Plaintiff then filed an amended complaint, and the case went on for trial. The court found that overcharges were made by defendant but that the tenant was not entitled to equitable relief and further that the violation by defendant was not willful; thereupon, judgment was entered in favor of the Housing Expediter for the overcharges, subsequent in date to March 20, 1946. From this judgment the Housing Expediter appealed.

The main question before us is: Did the court below err in its application of the limitation period?

The limitation referred to appears in § 205 (e) of the act,* and provides that actions for violation of the act shall be brought within one year from the date of the occurrence of the violation. It was contended by appellee in the lower court that sums collected more than a year before institution of the proceedings by the Expediter could not be the subject of this suit. The trial court was in agreement with appellee and so held. This, in effect, was a holding that the violation occurred at the time the rent was collected. Such is not the interpretation placed on the statute by the Supreme Court. In its recent decision on this question, Woods v. Stone, 333 U.S. 472, 68 S.Ct. 624, 626, decided on March 15, 1948, the Court held the statute only begins to run when the duty to refund is created. In that case, as in the one presently before us, no registration statement was filed at the time the property was rented. The District Court and the Circuit Court of Appeals for the Sixth Circuit, 163 F.2d 393, held the period of limitation under the act began to run from the date of the overcharge and not from the time of respondent's failure to make refund pursuant to a refund order. On certiorari, the case was reviewed on this single question. Mr. Justice Jackson, organ of the majority in the Stone case, said:

"* * * The statute and regulations made his rentals tentative but not unlawful. Until the contingency of readjustment occurred, the tenant could have had no cause of action for recovery of any part of the rental exacted by the landlord. The cause of action now does not rest upon, and hence cannot date from, mere collection. The duty to refund was created and measured by the refund order and was not breached until that order was disobeyed. It would be unusual, to say the least, if a statutory scheme were to be construed to include a period during which an action could not be commenced as a part of the time within which it would become barred. United States v. Wurts, 303 U.S. 414, 58 S.Ct. 637, 82 L.Ed. 932. We think no such result was expressed or intended. It was from the violation which occurred when the order was not obeyed within the required time that the statute of limitations commenced to run. Cf. Rawlings v. Ray, 312 U.S. 96, 61 S.Ct. 473, 85 L.Ed. 605; Fisher v. Whiton, 317 U.S. 217, 602, 63 S.Ct. 175, 87 L.Ed. 223; Cope v. Anderson, 331 U.S. 461, 67 S.Ct. 1340 [91 L.Ed. 1602].

"It is now suggested that no cause of action can be based on a refund order,

* "(e) If any person selling a commodity violates a regulation, order, or price schedule prescribing a maximum price or maximum prices, the person who buys such commodity for use or consumption other than in the course of trade or business may, within one year from the date of the occurrence of the violation, except as hereinafter provided, bring an action against the seller on account of the overcharge. In any action under this subsection, the seller shall be liable for reasonable attorney's fees and costs as determined by the court, plus whichever of the following sums is greater: (1) Such amount not more than three times the amount of the overcharge, or the overcharges, upon which the action is based as the court in its discretion may determine, or (2) an amount not less than $25 nor more than $50, as the court in its discretion may determine: Provided, however, That such amount shall be the amount of the overcharge or overcharges if the defendant proves that the violation of the regulation, order, or price schedule in question was neither willful nor the result of failure to take practicable precautions against the occurence of the violation. For the purposes of this section the payment or receipt of rent for defense-area housing accommodations shall be deemed the buying or selling of a commodity, as the case may be; and the word 'overcharge' shall mean the amount by which the consideration exceeds the applicable maximum price. If any person selling a commodity violates a regulation, order, or price schedule. prescribing a maximum price or maximum prices, and the buyer either fails to institute an action under this subsection within thirty days from the date of the occurrence of the violation or is not entitled for any reason to bring the action, the Administrator may institute such action on behalf of the United States within such one-year period. * * *"

irrespective of its validity. As we have pointed out, the validity of the regulation and order are conclusive upon us here. This cause of action is based upon violation of an 'order * * * prescribing a maximum [rent] * * *.' The command to refund cannot be treated as a thing apart, but must be taken in its setting as an integral and necessary part of the order fixing the maximum rent. It was this order that was disobeyed. It would be a strange situation if there were authority to order the landlord to make a refund but no legal obligation on his part to pay it. We think it clear that default in obedience to the requirement of refund gives rise to the cause of action sued upon herein."

In this case, the first order for reduction and refund was made on April 12, 1946; suit was begun by the then proper official on March 20, 1947. Though the original order was revoked by later orders, it is clear that the first time the duty was placed on defendant to refund overcharges was less than one year prior to the date this suit was filed. Since the lower court erred in excluding rentals collected more than one year before the suit was filed, its judgment is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.