**BECKER v. BUDER et al.**

No. 5883.

United States District Court
E. D. Missouri, E. D.

Dec. 16, 1948.

Walter J. Schuwerk, of Evansville, Ill., and William W. Crowdus and William E. Buder, both of St. Louis, Mo., for plaintiff.

Taylor Sandison, of St. Louis, Mo., for defendant G. A. Buder.

A. U. Simmons, of Clayton, Mo., for defendant A. U. Simmons.

HULEN, District Judge.

We have heretofore (October 15, 1948, 79 F.Supp. 315) filed memorandum and order on motion of defendants to dismiss in this case. At pre-trial conference (November 19, 1948) the parties stipulated that the ruling heretofore made on motion to dismiss be set aside and the motion resubmitted. At the pre-trial conference the parties stipulated as to certain facts and that the Court should consider such facts, together with exhibits attached to the pre-trial conference memorandum, in passing on the resubmitted motion to dismiss. We construe this course of the parties as agreeing the record now is complete for the purpose of the issues raised by the motion to dismiss and that the parties desire the motion ruled on that premise.

In our original memorandum on defendants' motion to dismiss because plaintiff is a foreign executor we reached the conclusion that unless the cause of action accrued in a state other than Missouri plaintiff could not sue in this Court in his representative capacity for the benefit of the estate. While inclined to the position that defendants' motion was well based, we declined to sustain it because of doubt, based solely on the complaint, as to where the cause of action set out in the complaint accrued. We find the pre-trial record has removed the doubt.

It is agreed the contract attached as an exhibit to the complaint was executed in Missouri by all parties to it; that the stock referred to in the exhibit was in the possession of G. A. Franz and Gustavus A. Buder as trustees in Missouri; that the certificate for shares of stock which plaintiff seeks by the complaint have at all times been in the State of Missouri; that G. A. Franz, deceased, was never a resident of the State of Illinois, nor did he have any business there individually or as trustee; that defendant Buder was at all times and is now a resident of the City of St. Louis, Missouri and has never had a place of residence in the State of Illinois since June 21, 1933; that defendant Simmons has at all times been a resident of St. Louis County, Missouri; that all property held by him as administrator is held in the State of Missouri.

There is a further stipulation as to bank records:

"That defendants admit that bank record sheets of The Red Bud Trust Company, Red Bud, Illinois, are authentic and properly show what they represent, and that the plaintiff will furnish to the Court within five days hereafter such bank record sheets as it desires the Court to consider in passing upon the pending motion, and will furnish to defendants duplicate photostatic copies; that the number 23-7 appearing on these bank records is the code number used by the Denver National Bank, of Denver, Colorado; that during the year 1938 dividends were paid by the Burroughs Adding Machine Company, as follows:

"In the first quarter thereof 20 cents, and on June 6 10 cents, and September 6 10 cents, on December 5 10 cents, and that during the year 1939 the Burroughs Adding Machine Company paid a dividend of 10 cents in each quarter thereof, namely, on March 6, June 5, September 5, and December 5."

Based on the record made plaintiff has failed to establish that the cause of action set forth in the complaint accrued in any state other than Missouri.

■ When we first ruled on defendants' motion the complaint was for "One Thousand (1,000) shares of capital stock of the Burroughs Adding Machine Company of Michigan". The complaint has been amended so that plaintiff now seeks to recover "certificates representing" the stock. The amendment does not change the law applicable to the motion. Plaintiff's right to maintain the suit in this Court must still stand or fall on where the cause of action accrued. The mailing by G. A. Franz as a resident of Colorado, if they were mailed, of dividend checks to Herman C. Becker at Red Bud, Illinois, and deposit of checks in the account of Herman C. Becker at Red Bud, Illinois, does not in our opinion form any basis for a claim that plaintiff's cause of action to the certificates of stock accrued in Illinois.

One item of the stipulation does have a bearing on where plaintiff's cause of action accrued. It is stipulated demand for delivery of the stock was made on the two defendants April 19, 1948. Copy of the demand is attached as an exhibit to the pretrial conference stipulation and it shows that the demand was made on the defendants in Missouri and that the demand was for delivery to plaintiff's attorneys at "506 Olive Street, St. Louis, Missouri". There are authorities to the effect that a demand, such as referred to in the stipulation, and failure to comply, create the cause of action and fix its situs: Helmers v. Anderson, 6 Cir., 1946, 156 F.2d 47, affirmed 331 U.S. 461, 67 S.Ct. 1340, 91 L.Ed. 1602; Baltimore & O. R. Co. v. Reed, 6 Cir., 1915, 223 F. 689; Auglaize Box Board Co. v. Kansas City Fibre Box Co., 6 Cir., 1929, 35 F.2d 822, 823.

In the Auglaize case breach of contract was the subject matter of the action. The place where the cause of action accrued became important because the statute of limitations was a defense. In passing upon a contract which had no provision as to place of performance, the Court said:

"It has been repeatedly held that, where such repudiation is relied upon as a breach, the cause of action arises where the repudiation occurred, and it is also the rule that, where the repudiation is by letter, the breach occurs at the time and place of the delivery of the letter for transmission."

In the Baltimore & Ohio Railroad case plaintiff attempted to make the place where a railroad ticket was sold as the place where a cause of action for failure to safely carry arose. Disposing of the question, the Court said [223 F. 691]:

"In our judgment, the cause of action, as that term is used in the Ohio statute quoted above, arose and accrued in Indiana. We offer no original definition for the term in suggesting that a cause of action comes into being only when a right enjoyed by one has been infringed by another, and not at the time when merely a right was secured to require performance of a duty from the obligor to the obligee. In the case at bar, assuming that Mrs. Reed enjoyed contractual relations with the railroad company, the obligation of the company to her was transitory through the several states over which her ticket read. No cause of action could arise until the obligation was dishonored, for essential to it was the concur-

rence of the obligation and a breach thereof which resulted in the obligee's damage."

In the Helmers case, like the other two authorities referred to, the question as to where the cause of action arose became important in determining application of a particular statute of limitations. A stockholder's assessment was the subject of the action. As to where a cause of action arises, the Court ruled [156 F.2d 50]:

"A cause of action 'is the fact or combination of facts which gives rise to a right of action, the existence of which affords a party a right to judicial interference in his behalf.' * * * The place where a cause of action arises is the place where the operative facts that give rise to the action occur. Although it may be necessary that a number of separate facts exist in order to create a cause of action, yet it is the happening of the last of such facts which brings the cause of action into existence. Such an act, or the failure to act where there is a duty to do so, is the critical event which transforms a potential liability into one presently enforcible. ·See Brown v. O'Keefe, 300 U.S. 598, 603, 57 S.Ct. 543, 81 L.Ed. 827. A liability, whether created by contract or by statute, is not the same as a cause of action. A person may execute a note payable in the future. Such an obligation is a liability, but it does not become a cause of action until the note matures and the maker fails to pay. A business man may make a contract obligating him to manufacture and deliver certain goods at a time in the future. His obligation under that contract is a liability, but no cause of action exists against him until the date of performance arrives and he fails or refuses to perform. * * * In the present case, a Federal statute created the potential liability of the defendant-stockholders, but the existence of this statute did not by itself create a cause of action against them. Nor did the existence of the statute coupled with the insolvency of The National Bank of Kentucky create a cause of action, although it formed the basis for one later to arise. Nor did the subsequent assessment by the Comptroller of the Currency, added to the existence of the statute and the insolvency of the bank create the cause of action, although it did change a potential liability into an actual one. * * * The failure of the stockholder to pay on or before the date set for payment by the Comptroller is accordingly the critical event which transformed the liability into a cause of action. At that time and upon the happening of the last of those events the Statute of Limitations began to run. * * * The time when a cause of action arises and the place where it arises are necessarily connected, since the same act is the critical event in each instance. The final act which transforms the liability into a cause of action necessarily has both aspects of time and place. It occurs at a certain time and in a certain geographical spot. Appellee apparently concedes the correctness of such reasoning by his reference in his brief to the opinion of Cleasby, one of the Judges of the Court of Exchequer in Durham v. Spence, the Law Reports Exchequer Cases, Vol. 6, 1870–1871, Page 52.

"The question thus necessarily narrows itself into determining where the failure to pay the assessment ordered in the present case occurred. * * *"

Paragraph 9 of the complaint alleges a demand was made of the defendants to deliver the certificate representing the shares of stock involved. We assume the demand represented in the pre-trial stipulation is the one referred to in the pleading. Even if the demand referred to in the pre-trial stipulation is not the one referred to in the complaint (paragraph 9), there are no other facts before me upon which a finding could be made that plaintiff's cause of action arose any place other than in the State of Missouri.

The statement is in plaintiff's brief, that unless permitted to maintain this action he is placed in the position of having a right without a remedy. While not material to the question at issue it would appear that plaintiff brings this action only in a representative capacity, that ultimately either the creditors or heirs of Herman C. Becker, deceased, will receive the stock, and the disability under which plaintiff in his representative capacity finds himself would not apply to such distributees.

It is our opinion that defendants' motion to dismiss should be sustained because

plaintiff does not have power to maintain this action. We will defer ruling for ten days to give plaintiff the opportunity, if he so desires, to furnish additional record, or if he has any exceptions to the statements here made as to both parties desiring ruling on the record made plaintiff may correct my understanding. The final order contemplated will be that the previous order overruling defendants' motion to dismiss be set aside and said motion to dismiss sustained.[1]

---

[1] Defendants may submit a form of final order, to which plaintiff will be granted exception.