**UNITED STATES v. SMITH.**

Civ. No. 8235.

United States District Court
W. D. Pennsylvania.
Feb. 8, 1951.

Harold L. Wertheimer, Litigation Atty., Philadelphia, Pa., for plaintiff.

John A. Gloeckner, Pittsburgh, Pa., for defendant.

GOURLEY, District Judge.

The United States brings this action against Anna Smith because of rent overcharges in violation of Section 206(a) of the Housing and Rent Act of 1947 as amended, 50 U.S.C.A.Appendix, § 1891 et seq. The authority of the United States to bring such an action is found in Sections 205 and 206(b) of the Act as amended.

The complaint demands, among other things, an injunction against the defendants to prevent further violation of the Act, judgment for three times the amount of the total overcharges received from the tenants within one year from the date of the institution of the instant suit or, alternatively, if restitution to the tenants be ordered, judgment in favor of the United States for twice the amount of the overcharges.

During the entire period here under consideration, the defendant was landlord of a building in Pittsburgh, Pennsylvania. The first floor apartment in said building was rented to George Belles for the period from October 15, 1947 to June 16, 1948, at a rental of $8.00 per week.

The Rent Director for the Pittsburgh Area Rent Office issued an order on April 29, 1949, under Section 5(c) and (1) of the Control Housing Rent Regulation, decreasing the maximum rent for said housing accommodation from $8.00 per week to $4.00 per week, effective October 1, 1947. Said Order, which was retroactive in nature, also provided that any rent collected between the period from October 1, 1947 to April 29, 1949, in excess of the amount of $4.00 per week be refunded to the tenant within thirty days from the date the order was issued.

■ The Housing and Rent Act of 1947, more particularly Section 205, made no provision whereby the United States or the Housing Expediter could sue for treble damages. Under Section 206(b), which prescribed no time limit within which suit must be brought, the Housing Expediter was authorized to institute action for injunctive relief. United States v. Gianoulis, 3 Cir., 183 F.2d 378.

■ The amendments made to the Act in 1949 retained all provisions of Section 205 and 206(b) here pertinent, but a provision was added to Section 205 to permit the United States to bring an action for treble damages against violators of maximum rent regulations if the tenants should fail to bring such an action within thirty days. It was provided that a suit by the United States would bar a suit by the tenant, and the suit, whether brought by the United States or by the tenant, had to be instituted within one year after the violation. These amendments became effective on April 1, 1949. United States v. Gianoulis, supra.

The authority to issue an order of the type involved in this proceeding, that is, an order effective upon a date prior to the date of issuance and requiring a refund, is found in the express language of the Controlled Housing Rent Regulation as amended. 12 F.R. 4331; 13 F.R. 1861, Section 5(c)(1).

The statute and regulations which govern the rental of property made the rentals tentative which were collected by the landlord from the tenant but not unlawful. Until the contingency of readjustment occurred, the tenant could have had no cause of action for recovery of any part of the rental exacted by the landlord. The cause of action, therefore, cannot date from the time of the collection of the excess rental since the day to refund was created and measured by the refund order, and was not breached until that order was disobeyed. It is, therefore, from the date of the refusal of the landlord to refund the excess rental within the required period of time that the statute of limitations commenced to run. Rawlings v. Ray, 312 U.S. 96, 61 S.Ct. 473, 85 L.Ed. 605; Fisher v. Whiton, 317 U.S. 217, 63 S.Ct. 175, 87 L.Ed. 223; Cope v. Anderson, 331 U.S. 461, 67 S.Ct. 1340, 91 L.Ed. 1602.

■ Since the refund order was issued April 29, 1949, and effective October 1, 1947, which reduced the rental from $8.00 to $4.00 a week, and the landlord was directed to refund to the tenant, within thirty days from the date of said order, any rentals collected in excess of $4.00 a week, the statute of limitations did not commence to run until May 29, 1949.

■ Since the complaint was filed on October 21, 1949, it was within the one year limitation prescribed by the statute, and the claims for relief demanded by the United States of America are basically proper.

■■ The damages provided for by the Housing and Rent Act, as amended, for overcharges of rent do not constitute criminal sanctions and Congress possesses the constitutional right to give retroactive effect to the statute if it sees fit to do so. United States v. Gianoulis, supra.

■ It is the considered judgment of the Court that the defendant charged rental during the period of time involved in this action in excess of the maximum legal rent which had been authorized.

The next question which the Court must determine is whether or not the actions of the defendant were wilful and/or the result of the failure to exercise practicable precautions against the occurrences of the violations.

The burden of proof that a violation was not wilful and that it did not result from the failure to take practicable precautions against its occurrence, in order to regulate the damages, rests upon the defendant. Bowles v. Weitz, D.C., 64 F.Supp. 829; Haber v. Garthly, D.C., 67 F.Supp. 774, affirmed 3 Cir., 165 F.2d 211.

The meaning of the terms "wilful" and "practicable precaution" is well settled. Connor v. Wheeler, D.C., 77 F.Supp. 875.

A question has been raised by the defendant as to the right to introduce in evidence interrogatories which were propounded to the defendant by the United States under Rule 33 of the Federal Rules of Civil Procedure, 28 U.S.C.A. Said interrogatories which have been questioned relate to the amount of rental which the defendant contends had been received from the tenant during the period involved in this suit. The answers to said interrogatories could have been used by the United States if it had seen fit in the presentation of the government's action, but such proof was not needed.

I do not believe it would be proper for the defendant to establish her defense by the use of interrogatories since they are mere self-serving statements and, therefore, have no evidentiary value to the defendant. However, even assuming that the answers to the interrogatories in question were properly admissible in evidence by the defendant, it would not alter or affect the opinion or judgment of the Court as to the amount of rental which was paid by the tenant to the defendant in this action, since I do not believe that the defendant is a credible person.

Since the amount of overpayment received by the defendant from October 15, 1947 to June 16, 1948 was in the amount of $140.00, the government is entitled to the relief prayed for.

The granting of treble damages for the collection of rental in excess of the maximum permitted by law, based on an order which is retroactive in nature, is not in violation of the ex-post facto provisions of the Federal Constitution, art. 1, § 9, cl. 3, since those provisions are limited to actions strictly criminal in their nature. Porter v. Senderowitz, 3 Cir., 158 F.2d 435, 440, certiorari denied 330 U.S. 848, 67 S.Ct. 1091, 91 L.Ed. 603; United States v. Gianoulis, supra.

The Court makes the following Findings of Fact and Conclusions of Law.

### Findings of Fact

1. At all times herein mentioned the defendant, Anna Smith, was the landlord of the housing accommodation designated as the first floor front at 1529 Brighton Place, Pittsburgh, Pennsylvania.

2. There was in effect at all times pertinent hereto and there is still in effect the Housing and Rent Act of 1947, as amended, and the Controlled Housing Rent Regulation issued pursuant thereto, which said Act and Regulation established maximum legal rents for housing accommodations within the Pittsburgh Defense Rental Area.

3. On April 29, 1949 the Rent Director for the Pittsburgh Defense Rental Area issued an Order effective October 1, 1947 pursuant to the said Act and Regulation whereby the maximum legal rent for the housing accommodation designated as first floor front, 1529 Brighton Place, Pittsburgh, Pennsylvania, was established at $4.00 per week under the provisions of which Order the defendant was required to refund to her tenant within thirty days from the date the Order was issued any rent collected from the effective date thereof in excess of the amount therein provided.

4. During the period between October 15, 1947 and June 16, 1948 the defendant had received from George Belles, for and in connection with the use and occupancy of the aforesaid housing accommodation, the sum of $8.00 per week, but the defendant has failed to refund to George Belles the rent received in excess of the

amount provided by the terms of the Order referred to in Finding No. 3.

5. The amount which the defendant was required to refund to George Belles pursuant to the aforesaid Order was $140.00.

6. The defendant has failed to establish that her violation of the Act in failing to make the required refund was neither wilfull nor the result of failure to take practicable precautions against its occurrence.

### Conclusions of Law

1. This Court has jurisdiction over the subject matter of this suit and over the parties hereto.

 2. The defendant has violated the Housing and Rent Act of 1947, as amended, by failing to refund rents received in excess of the maximum legal rent as required by an Order duly issued under the said Act and Regulations issued thereunder.

3. The defendant having engaged in a violation of the aforesaid Act, an Order enforcing compliance, enjoining the violations, and requiring restitution to the tenant is authorized under Section 206 of the aforesaid Housing and Rent Act of 1947, as amended.

4. An Order should be made herein:

(a) directing the defendant to pay to the Treasurer of the United States the sum of $140.00 for the use and benefit of George Belles, the said sum representing restitution of rent overcharges; payment thereof to be made through the Office of The Housing Expediter, Litigation, Section, 1530 Chestnut Street, Philadelphia, Pennsylvania;

(b) entering judgment in favor of the plaintiff for damages in the sum of $280.00 (representing twice the amount of the overcharges—the plaintiff having requested in its Complaint that, if the Court grants restitution of overcharges to the tenant, any sum so restored shall be deducted from the treble damages adjudged to be due plaintiff);

(c) enjoining the defendant, her agents, servants, employees and all persons in active concert or participation with them from directly or indirectly soliciting, demanding, accepting or receiving any rents in excess of the maximum legal rents established by the Housing and Rent Act of 1947, as amended or superseded, and the Regulations issued thereunder, as amended or superseded;

(d) directing the defendant to pay the costs of this action.

An appropriate Order will be filed.