## RAWLINGS, RECEIVER, *v.* RAY.

No. 327. Argued January 17, 1941.—Decided February 3, 1941.

*Mr. George P. Barse,* with whom *Mr. Lee Roy Stover* and *Miss Harriet Buckingham* were on the brief, for petitioner.

*Mr. Earl King* submitted for respondent.

MR. CHIEF JUSTICE HUGHES delivered the opinion of the Court.

Petitioner is the receiver of the Lee County National Bank of Marianna, Arkansas, which in 1933 was declared by the Comptroller of the Currency to be insolvent. On November 6, 1935, the Comptroller assessed its shareholders fifty per centum of the par value of their shares. The assessment was required to be paid on or before December 13, 1935, and the receiver gave notice accordingly. As respondent failed to pay, the receiver brought suit on December 7, 1938, in the District Court of the United States for the Eastern District of Arkansas to recover the amount assessed. Respondent pleaded the Arkansas statute of limitations which provides that such an action must be commenced "within three years after the cause of action shall accrue." Pope's Digest of Statutes of Arkansas (1937), § 8928. The District Court sustained the plea and its judgment was affirmed by the Circuit Court of Appeals. 111 F. 2d 695. Because of a conflict of decisions we granted certiorari. See *Strasburger* v. *Schram,* Ct. App. D. C., 93 F. 2d 246; *Reich* v. *Van Dyke,* C. C. A. 3d, 107 F. 2d 682; *Haight* v. *First Trust & Deposit Co.,* C. C. A. 2d, 112 F. 2d 572; *MacPherson* v. *Schram,* C. C. A. 5th, 112 F. 2d 674.

The state statute of limitations is applicable. *McDonald* v. *Thompson,* 184 U. S. 71, 72; *McClaine* v.

*Rankin,* 197 U. S. 154, 158. The question is whether the statute began to run on the date of the assessment, as held by the court below, or on the date fixed for payment. The words "after the cause of action shall accrue" in the Arkansas statute have their usual meaning and refer to "a complete and present cause of action." *Holloway* v. *Morris,* 182 Ark. 1096, 1099; 34 S. W. 2d 750, 752.

The question as to the time when there was a complete and present cause of action so that the receiver could enforce by suit the liability imposed by the Comptroller's assessment is a federal question and turns upon the construction of the assessment and the authority of the Comptroller to make it under the applicable federal legislation.

While the assessment was made on November 6, 1935, it was expressly made payable on or before December 13, 1935. Respondent was allowed until that date to pay and prior thereto suit could not be maintained against him. Hence the statute of limitations did not begin to run until December 13, 1935, and the suit was in time.

The case of *Pufahl* v. *Estate of Parks,* 299 U. S. 217 (upon which the court below relied) is not to the contrary. The question now presented was not there involved. In that case, after the death of a stockholder of a national bank, and after the expiration of one year from the date of letters testamentary, the Comptroller of the Currency made an assessment upon the decedent's estate. The state court, applying a state statute, had disallowed the receiver's claim upon the assessment as against undistributed assets in the hands of the executors, which had been inventoried within a year from the date of letters testamentary, because the claim did not accrue and was not presented to the probate court within that period, but allowed the claim as to assets not inventoried within the year. We affirmed the judgment. We said that where an assessment had been made in the de-

cedent's lifetime an accrued and provable debt existed against his estate, and that if the assessment were made after his death a claim against the funds and assets of the estate accrued as of the date of the assessment. Further, that the claim of the receiver, although based upon a federal statute, could be enforced only in conformity with the law of the forum governing the recovery of debts of like nature (*Id.*, pp. 224, 225) and that the non-discriminatory legislation of Illinois where the suit was brought was controlling. We observed that the contingent obligation of a stockholder to pay an assessment was rendered absolute by the Comptroller's action in ordering one and that from the moment of the order of assessment the receiver had a claim which would support an action at common law against a living stockholder or the executor of a deceased stockholder; that if the assessment were made after the estate had been distributed, the receiver could recover from the distributees or heirs if and up to the extent they were liable under the applicable local law. *Id.*, pp. 222, 223.

In all this we were not considering or deciding the question of the application of a statute of limitations to a suit against a stockholder upon an assessment made by the Comptroller where payment was not required before a specified date, prior to which no suit could be maintained.

We find no ground for questioning the authority of the Comptroller in making an assessment to fix a later date for its payment. The federal legislation does not impose or suggest any such limitation upon the exercise of his power. 12 U. S. C. 63, 64, 191, 192. What was done in the instant case appears to be in accord with a practice of long standing.

The judgment of the Circuit Court of Appeals is reversed and the cause is remanded to the District Court for further proceedings in conformity with this opinion.

*Reversed.*