**CORNACCHIO v. CONIGLIO et al.**
Civil Action No. 7379.

District Court, E. D. New York.
Jan. 27, 1947.

George M. Aronwald, of New York City, for defendants, for the motion.

Herman Panitch, of New York City, for plaintiff, opposed.

KENNEDY, District Judge.

The suit is for the recovery of unpaid

minimum wages, unpaid minimum overtime compensation, and an additional equal amount as liquidated damages. Fair Labor Standards Act of 1938, 52 Stat. 1060, 29 U.S.C.A. § 216(b) et seq. It was filed on October 14, 1946, and it charges violations of the act by the defendant commencing on October 28, 1938, and continuing until May 9, 1941.

Defendant moves (1) for partial summary judgment, Federal Rules of Civil Procedure, rule 56, 28 U.S.C.A. following section 723c, because part of the claim is outlawed, and (2) for security for costs. I consider first the summary judgment motion.

■ Plaintiff does not controvert the principle, applicable in "law" actions, that when a federal statute is silent on the point, the state statute of limitations applies, Rawlings v. Ray, 1941, 312 U.S. 96, 61 S.Ct. 473, 85 L.Ed. 605, and that here the appropriate limitation is six years under the New York statute, Civil Practice Act, § 48. Moscowitz, D. J., in Smith v. Continental Oil Co., D.C.1945, 59 F.Supp. 91; Goddard, D. J., in Gonzalez v. Tuttman, D.C. 1945, 59 F.Supp. 858. This claim arose in New York, and it is undoubtedly on the "law" side of the Court. I turn to the facts.

■ Plaintiff asserts that sometime in 1938 the defendant informed all of his employees, including plaintiff, that there was a question about the constitutionality of the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq. For this stated reason, it is said, the defendant ignored the provisions of the statute, continued to enforce a 50-hour work week, and simply paid his employees as if the statute did not exist. But no precedent need be cited to support the proposition that this course of conduct, standing alone, would not toll the statute.

■ Plaintiff also resists the motion on the basis of an affidavit of his own, to the effect that between 1938 and 1941 defendant made payments "on account" of the liability. Nothing is said about partial payment in the complaint, and the affidavit itself is quite equivocal. I do not believe there is anything that can be called a genuine controversy about these payments, unless it be the intimation on plaintiff's part that he was entitled, at his own election, to treat salaries paid him at the current rate and for current work as if they were payments on account of arrears of overtime under the act. In view of plaintiff's own vigorous assertion that the defendant, his employer, never intended to comply with the act, it is impossible to believe that plaintiff's suggestion is anything more than an afterthought. Defendant is, accordingly, entitled to partial relief, barring under the six-year statute of limitations that portion of plaintiff's claim which concerns itself with amounts due under the act accruing prior to October 14, 1940.

■ Were it not for the fact that plaintiff's affidavit and his own complaint demonstrate that no genuine controversy exists, I would be impelled to deny this motion, because defendants' counsel has, apparently, overlooked the requirement of rule 56 that affidavits be on personal knowledge, that the facts stated be admissible, and that the affiant be competent to testify to the matters stated. An attorney's affidavit ordinarily won't do.

■ I deny the motion to compel the plaintiff to secure the costs of the defendant. Judge Moscowitz has held (De Rosmo v. Feeney, D.C.E.D.N.Y.1941, 38 F.Supp. 834; and Janssen v. City of New York, D. C.E.D.N.Y.1941, 42 F.Supp. 380) that under rule 45 of the civil rules in effect in this district, the Court has the duty to exact security for costs in the cases outlined in New York Civil Practice Act, § 1522. The De Rosmo and Janssen cases were diversity cases, and the propriety of following the New York procedure in such cases, absent any specific federal statute or rule on the point, is obvious. But the case at bar arises under a federal statute, and its scope and subject matter are such that I have grave doubts whether there is room for the application of any such state procedural mechanics as the exacting of security for costs, at least as a matter of right. Although the language of the provision in the New York Civil Practice Act, § 1522, seems to be merely permissive, there is some indication in the New York cases that security for costs is demandable as a matter of

right, and Judge Moscowitz is of the opinion that the section is mandatory and not discretionary. De Rosmo v. Feeney, supra. If that is true, and I express no opinion, then clearly no Federal Court ought to be bound to apply it against a plaintiff who seeks a remedy created by Congress.[1]

Motion for partial summary judgment granted. Submit order complying with the provisions of F.R.C.P. rule 56(d). Motion to compel the plaintiff to post a bond for security for costs denied in discretion.

[1] If, under local rule 45, the old federal equity practice can be followed in situations not covered by the Federal Rules of Civil Procedure, then the requiring of security for costs is probably discretionary. Uhle v. Burnham, C.C.S.D.N.Y. 1891, 46 F. 500.