### SHUNNEY v. FULLER CO. et al.

### Civ. A. No. 1385.

United States District Court
D. Rhode Island.

March 31, 1953.

544

William J. George, Pawtucket, R. I., for plaintiff.

Eugene J. Phillips, Marshall Swan, Providence, R. I., for defendants.

LEAHY, District Judge.

This matter was heard on defendants' motion, pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., to dismiss plaintiff's complaint, and on defendants' motion, pursuant to Rule 56(b), for summary judgment.

The action was commenced on June 18, 1952, by Dennis J. Shunney, of the City of Pawtucket, Rhode Island, against George A. Fuller Company, a corporation organized under the laws of the State of New Jersey, and Merritt-Chapman & Scott Corporation, a corporation organized under the laws of the State of Delaware.

The jurisdiction of the Court rests on the provisions of the Fair Labor Standards Act, 29 U.S.C.A. §§ 201, 216(b).

The original complaint of the plaintiff has been amended. In the amended complaint the plaintiff alleges in substance that he was employed by the defendants as a material checker from June 16, 1941 to December 21, 1942; that during said period he worked with and in connection with materials and equipment designed to be used in or for interstate commerce; and that, by reason thereof, he was engaged in interstate commerce or in an occupation necessary to the production of goods for interstate commerce as defined in the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq. The plaintiff now seeks, under the provisions of § 16(b) of the Act, 29 U.S.C.A. § 216(b), to recover unpaid overtime compensation alleged to be due him for his work during said period, plus an additional equal amount as liquidated damages, and an attorney's fee.

No answer has been filed by the defendants, and by agreement of the parties the defendants' motions, which had been originally filed by them prior to the amendment

to the complaint, are now to be applied to the complaint as amended. The principal ground advanced by the defendants in support of their motions is that the plaintiff's claim is barred by the statute of limitations.

The applicable statute of limitations is two years, 29 U.S.C.A. § 255, and the plaintiff does not dispute that his action is barred under the provisions of that section, unless for adequate reason the running of the statute is tolled. In his amended complaint plaintiff sets forth several allegations which he contends toll the running of the statute to the extent necessary to permit him to maintain this action.

The plaintiff alleges in this connection that he was a minor until April 13, 1944; that he was in the military service of the United States from February 18, 1943 to January 6, 1946; and that he was employed by the United States State Department in its embassy in Germany from July 1946 to February 1951. The plaintiff alleges further that the defendants made representations to him that they had investigated the question of coverage of non-construction workers, including the plaintiff, and that no coverage with respect thereto existed under the Fair Labor Standards Act; that said representation was made despite the fact that the defendants had knowledge of the official ruling of the Wage-Hour Administration to the effect that non-construction workers were covered; and that the plaintiff relied upon these representations to his detriment.

 The fact that plaintiff was a minor until April 13, 1944 does not provide a ground for tolling the running of the two year statute of limitations, since more than eight years had passed from that date to the time of the commencement of this action. Nor does the Soldiers' and Sailors' Civil Relief Act of 1940, 50 U.S.C.A.Appendix § 501 et seq., provide a ground for tolling the running of the statute, since more than six years had passed from the time of plaintiff's discharge from the military service to the time of the commencement of the action.

█ The plaintiff has not offered to the Court any authority in support of his contention that employment by the United States Government in a United States embassy in a foreign country, is a ground for tolling the running of the statute of limitations. Nor does he appear to seriously urge that such is the law. The Court is aware of no case so holding, and is satisfied that such employment is not a sufficient ground for tolling the running of the statute.

█ The principal contention relied upon by the plaintiff in this connection is that the defendants are barred from pleading the statute of limitations because of their alleged misrepresentations as to the coverage of nonconstruction workers by the provisions of the Fair Labor Standards Act. Plaintiff admits that an essential element of this theory is that the misrepresentation be one of fact. The representation which is alleged to have been made here by defendants was "that they had investigated the question of coverage of non-construction workers and that there was no coverage with respect thereto under the Fair Labor Standards Act * * *." As the Court views this allegation of the amended complaint, this representation was one of law and not of fact, assuming, arguendo, that the representation as made was in fact false. Being, at most, a misrepresentation of law, it avails the plaintiff nothing, and is clearly insufficient, even if relied upon by the plaintiff to his detriment, to toll the running of the statute of limitations on his claim. Smith v. Continental Oil Co., D.C.E.D.N.Y. 1945, 59 F.Supp. 91; Cf. Cornacchio v. Coniglio, D.C.E.D.N.Y.1947, 7 F.R.D. 749.

The motion to dismiss plaintiff's complaint is granted, and summary judgment shall be entered for the defendants.