Clement J. DELMAN

v.

**FEDERAL PRODUCTS CORPORATION.**

Civ. A. No. 1883.

United States District Court
D. Rhode Island.

Nov. 2, 1955.

</div>

---

16. Plaintiff in his complaint by an oversight states that there was an exception.

Thomas W. Pearlman, Providence, R. I., for plaintiff.

Wilfred E. McKenna, Edward J. Plunket, Providence, R. I., for defendant.

DAY, District Judge.

This action was instituted under the provisions of Section 8 of the Selective Training and Service Act of 1940, as amended, Title 50 U.S.C.A.Appendix § 308, and as extended by the Service Extension Act of 1941, Title 50 U.S.C.A. Appendix, § 357. The complaint was filed on June 30, 1955.

In his complaint the plaintiff alleges that he was first employed by the defendant on or about January 21, 1941; that he left his employment as a "gage-toolmaker" to enter the armed forces of the United States on July 24, 1944, and was honorably discharged therefrom on June 25, 1946; that he possesses a certificate of satisfactory military service, and applied for reinstatement with the defendant within ninety days after his honorable discharge, and was and still is qualified to perform the duties of his position; that the defendant refused and continued to refuse to reinstate him in his position until May 30, 1955, at which time he was reinstated by the defendant. He further alleges that said reinstatement was not in accordance with the Act because, as he says, he was required to accept a lower rate of pay and to lose certain seniority rights and benefits to which he alleges he was entitled under the Act. He seeks damages for the defendant's alleged failure to reinstate him prior to May 30, 1955, and an order requiring the defendant to reinstate him with seniority rights and other benefits to which he claims to be entitled.

The defendant has moved to dismiss the action on the following grounds, viz.: (1) because the complaint fails to state a claim against the defendant upon which relief can be granted; (2) because the supposed cause of action in the complaint mentioned did not accrue to the plaintiff at any time within six years next before the commencement of this action; and (3) because the plaintiff has been guilty of laches.

■■ After the filing of this motion the plaintiff moved to strike therefrom grounds (2) and (3) thereof, contending that these grounds could be set forth properly only as affirmative defenses by way of answer. Plaintiff's motion seems superfluous for, by his opposition to the defendant's motion, he has raised the same questions—may the defenses of statute of limitations and laches be asserted by way of a motion to dismiss? He contends that they are affirmative defenses and that under Rule 8(c) of the Federal Rules of Civil Procedure, 28 U.S. C.A., they must be made by affirmative pleadings. Ordinarily this is so. However, under Rule 9(f) of the Federal Rules of Civil Procedure, for the purpose of testing the sufficiency of a pleading averments of time are material. Averments of time being material, a motion to dismiss because the statute of limitations has run may be utilized, without supporting affidavits, whenever the time alleged in the complaint shows that the action has not been brought within the statutory period. Berry v. Chrysler Corporation, 6 Cir., 150 F.2d 1002; Panhandle Eastern Pipe Line Co. v. Parish, 10 Cir., 168 F.2d 238; Kincheloe v. Farmer, 7 Cir., 214 F.2d 604; 2 Moore's Federal Practice, 2nd Ed. § 9.07, Page 1920.

■ Since the defense of statute of limitations may be raised properly by motion to dismiss where it affirmatively appears upon the face of the complaint that the action is barred by the statute of limitations, the question arises as to what is the statute of limtiations governing this action. The Selective Training and Service Act of 1940 does not fix the time within which an action based on the denial of alleged reemployment rights must be brought, and Congress has not by any other statute prescribed such a period. In the absence of such action by Congress the state statute of limitations of the state where the cause of action arose and suit is brought shall apply and prescribe the time in which an action shall be brought to enforce it. Campbell v. City of Haverhill, 155 U.S. 610, 15 S.

Ct. 217, 39 L.Ed. 280; McClaine v. Rankin, 197 U.S. 154, 25 S.Ct. 410, 49 L.Ed. 702; Curtis v. Connly, 257 U.S. 260, 42 S.Ct. 100, 66 L.Ed. 222; Rawlings v. Ray, 312 U.S. 96, 61 S.Ct. 473, 85 L.Ed. 605; Williamson v. Columbia Gas & Electric Corporation, 3 Cir., 110 F.2d 15; Republic Pictures Corporation v. Kappler, 8 Cir., 151 F.2d 543, 162 A.L.R. 228; Schiffman Bros., Inc. v. Texas Co., 7 Cir., 196 F.2d 695.

 The plaintiff's alleged cause of action arose in Rhode Island. Therefore it is the Rhode Island statute of limitations which fixes the period within which his action should be brought. Its pertinent provisions, contained in Chapter 510 of the General Laws of Rhode Island, Revision of 1938, are:

"§ 3. * * * all actions of the case except for words spoken and for injuries to the person, all actions of debt founded upon any contract without specialty * * * shall be commenced and sued within 6 years next after the cause of action shall accrue, and not after."

In his complaint the plaintiff alleges that he was honorably discharged from the armed services on June 25, 1946, and that within ninety days thereafter he applied for reinstatement, which was refused by the defendant. This allegation is equivalent to an allegation that he demanded and was refused reinstatement on or before September 23, 1946. His cause of action under the Selective Training and Service Act of 1940 accrued on the date when he demanded and was refused reinstatement. Since a federal statute is involved, the question of when the plaintiff's cause of action accrues thereunder is a matter of federal law. Rawlings v. Ray, supra; Cope v. Anderson, 331 U.S. 461, 67 S.Ct. 1340, 91 L.Ed. 1602. Under the federal rule a cause of action accrues from the very first moment that the right to institute court action arises. Rawlings v. Ray, supra.

Since the complaint shows on its face that the plaintiff's cause of action accrued not later than September 23, 1946, and this action was not commenced until June 30, 1955, it is barred by the statute of limitations. Accordingly, the complaint fails to state a claim upon which relief can be granted. My conclusion with respect to the statute of limitations makes it unnecessary to consider the additional ground, urged by the defendant, that the plaintiff's action is barred by laches.

The plaintiff's motion is denied; the defendant's motion is granted. Judgment shall be entered for the defendant.