David W. SHELTON

v.

**BENEFICIAL FINANCE COMPANY.**

**Civ. A. No. 77–377.**

United States District Court,
W. D. Pennsylvania.

Aug. 1, 1977.

Tyler E. Wren, Philadelphia, Pa., for plaintiff.

Edward N. Stoner, II, Pittsburgh, Pa., for defendant.

## MEMORANDUM OPINION

ROSENBERG, District Judge.

This matter is before me on the motion of the defendant, Beneficial Consumer Discount (misnamed in the Complaint as Beneficial Finance Co.), to dismiss the complaint of the plaintiff, David W. Shelton, a black man and former employee of the defendant from August 28, 1973 through December 13, 1974. The defendant is engaged in the business of making personal loans and collections. Suit was brought under § 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.; the Civil Rights Act of 1870, 42 U.S.C. § 1981, and the Pennsylvania Human Relations Act of 1955, 43 P.S. § 951 et seq.

The plaintiff alleges that (1) he was discharged from the defendant's employ because of his race, his bad debts and the repossession of his automobile; (2) certain other employees who also had bad debts were not discharged; and (3) the defendant's policy of firing employees with bad debts and repossession is discriminatory because a large proportion of blacks make up that class. The plaintiff claims these actions violate the above statutes and prays for: (1) a declaratory judgment that the defendant's practices are discriminatory and unlawful; (2) an injunction to enjoin the defendant from continuing such practices; (3) reinstatement; (4) compensatory and punitive damages; and (5) costs and attorney's fees.

The defendant moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6) and contends that (1) the cause of action based on Title VII is barred by the applicable State Statute of Limitations, 12 P.S. § 34 which is two years in personal injury actions; (2) the cause of action based on 42 U.S.C. § 1981 is barred by the same statute of limitations; and (3) the pendent cause of action based on 43 P.S. § 951 et

seq. should be dismissed because there is no substantial federal claim nor compliance with conditions precedent and it is barred by the same statute of limitations.

The defendant argues that because the last act of discrimination occurred on the plaintiff's day of discharge, December 13, 1974, a suit filed April 4, 1977 is barred by the applicable Pennsylvania Statute of Limitations of two years for none of the statutes concerning jurisdiction in this matter expressly places any limitation on any action.

The chronological order of events referred to by the plaintiff is that (1) within 180 days of the actions of the defendant, December 30, 1974, the plaintiff filed a charge with the Equal Employment Opportunity Commission (EEOC); (2) on February 6, 1975 the EEOC referred the charge to the Pennsylvania Human Relations Commission; (3) on November 1, 1976, the EEOC determined that the defendant violated Title VII; (4) on January 5, 1977 the EEOC issued to the plaintiff a right to sue letter actionable within ninety days; and (5) on April 4, 1977 this action was filed.

Thus, the defendant argues that the plaintiff filed suit two years and one hundred thirteen days after he was discharged while the plaintiff could have requested his "right to sue letter" at any time after the expiration of 180 days from the date of filing the charge (29 CFR, § 1601.25b(c)) and that when federal statutes contain no overall statute of limitations, the federal courts have applied the most analogous state statute.

While the defendant relies on several cases, some even within this district, the Supreme Court has just recently ratified the overall liberal approach that the lower courts must take when dealing with Title VII actions. In *Occidental Life Insurance Company of California v. Equal Employment Opportunity Commission*, —— U.S. ——, 97 S.Ct. 2447, 53 L.Ed.2d 402, June 20, 1977, the Court held: (page ——, 97 S.Ct. page 2452)

"On its face, § 706(f)(1) provides little support for the argument that the 180-day provision is such a statute of limitations. Rather than limiting action by the EEOC, the provision seems clearly addressed to an alternative enforcement procedure: If a complainant is dissatisfied with the progress the EEOC is making on his or her charge of employment discrimination, he or she may elect to circumvent the EEOC procedures and seek relief through a private enforcement action in a district court. The 180-day limitation provides only that this private right of action does not arise until 180 days after a charge has been filed. Nothing in § 706(f)(1) indicates that EEOC enforcement powers cease if the complainant decides to leave the case in the hands of the EEOC rather than to pursue a private action.

In short, the literal language of § 706(f)(1) simply cannot support a determination that it imposes a 180-day time limitation on EEOC enforcement suits. On the contrary, a natural reading of § 706(f)(1) can lead only to the conclusion that it simply provides that a complainant whose charge is not dismissed or promptly settled or litigated by the EEOC may himself bring a lawsuit, but that he must wait 180 days before doing so. After waiting for that period, the complainant may either file a private action within 90 days after EEOC notification or continue to leave the ultimate resolution of his charge to the efforts of the EEOC."

The Court went on to hold that:

"When Congress has created a cause of action and has not specified the period of time within which it may be asserted, the Court has frequently inferred that Congress intended that a local time limitation should apply. E. g., *Runyon v. McCrary,* 427 U.S. 160, 179–182, [96 S.Ct. 2586, 49 L.Ed.2d 415] (Civil Rights Act of 1866); *Autoworkers v. Hoosier Cardinal Corp.,* 383 U.S. 696, [86 S.Ct. 1107, 16 L.Ed.2d 192] (Section 301 of the Labor Management Relations Act); *O'Sullivan v. Felix,* 233 U.S. 318, [34 S.Ct. 596, 58 L.Ed. 960]

(Civil Rights Act of 1871); *Chattanooga Foundry & Pipe Works v. Atlanta,* 203 U.S. 390, [27 S.Ct. 65, 51 L.Ed. 241] (Sherman Antitrust Act); *Campbell v. Haverhill,* 155 U.S. 610, [15 S.Ct. 217, 39 L.Ed. 280] (Patent Act). This 'implied absorption of State statutes of limitation within the interstices of . . . federal enactments is a phase of fashioning remedial details where Congress has not spoken but left matters for judicial determination.' *Holmberg v. Armbrecht,* 327 U.S. 392, 395, [66 S.Ct. 582, 90 L.Ed. 743]. But the Court has not mechanically applied a state statute of limitations simply because a limitations period is absent from the federal statute. State legislatures do not devise their limitations periods with national interests in mind, and it is the duty of the federal courts to assure that the importation of state law will not frustrate or interfere with the implementation of national policies. 'Although state law is our primary guide in this area, it is not, to be sure, our exclusive guide.' *Johnson v. Railway Express Agency,* 421 U.S. 454, 465, [95 S.Ct. 1716, 44 L.Ed.2d 295]. State limitations periods will not be borrowed if their application would be inconsistent with the underlying policies of the federal statute. *Ibid: Autoworkers v. Hoosier Cardinal Corp., supra,* [383 U.S.] at 701, [86 S.Ct., at 1110]; *Board of County Commissioners v. United States,* 308 U.S. 343, 352, [60 S.Ct. 285, 84 L.Ed. 313]. With these considerations in mind, we turn to the company's argument in this case.

. . . . .

"In view of the federal policy requiring employment discrimination claims to be investigated by the EEOC and, whenever possible, administratively resolved before suit is brought in a federal court, it is hardly appropriate to rely on the 'State's wisdom in setting a limit . . . on the prosecution . . .' *Johnson v. Railway Express Agency, supra,* [421 U.S.] at 464, [95 S.Ct., at 1722]. For the 'State's Wisdom' in establishing a general limitation period could not have taken

into account the decision of Congress to delay judicial action while the EEOC performs its administrative responsibilities. See *Order of Railroad Telegraphers v. Railway Express Agency, Inc.*, 321 U.S. 342, 348, [64 S.Ct. 582, 88 L.Ed. 788]; *Cope v. Anderson*, 331 U.S. 461, 464, [67 S.Ct. 1340, 91 L.Ed. 1602]; *Rawlings v. Ray*, 312 U.S. 96, 98, [61 S.Ct. 473, 85 L.Ed. 605]. Indeed, the one-year statute of limitations applied by the District Court in this case could under some circumstances directly conflict with the timetable for administrative action expressly established in the 1972 Act.

"But even in cases involving no inevitable and direct conflict with the express time periods provided in the Act, absorption of state limitations would be inconsistent with the congressional intent underlying the enactment of the 1972 amendments. Throughout the congressional debates many members of both Houses demonstrated an acute awareness of the enormous backlog of cases before the EEOC and the consequent delays of 18 to 24 months encountered by aggrieved persons awaiting administrative action on their complaints. Nevertheless, Congress substantially increased the workload of the EEOC by extending the coverage of Title VII to state employers, private employers with as few as 15 employees, and nonreligious educational institutions; by transferring the authority to bring pattern or practice suits from the Attorney General to the Commission; and by authorizing the Commission to bring civil actions in the federal courts. It would hardly be reasonable to suppose that a Congress aware of the severe time problems already facing the EEOC would grant that agency substantial additional enforcement responsibilities and at the same time consign its federal lawsuits to the vagaries of diverse state limitations statutes, some as short as one year.

Congress did express concern for the need of time limitations in the fair operation of the Act, but that concern was directed entirely to the initial filing of a charge with the EEOC and prompt notification thereafter to the alleged violator. The bills passed in both the House and the Senate contained short time periods within which charges were to be filed with the EEOC and notice given to the employer. And the debates and reports in both Houses made evident that the statute of limitations problem was perceived in terms of these provisions, rather than in terms of a later limitation on the EEOC's power to sue. That perception was reflected in the final version of the 1972 Act, which requires that a charge must be filed with the EEOC within 180 days of the alleged violation of Title VII, and that the alleged violator must be notified 'of the charge (including the date, place and circumstances of the alleged unlawful employment practice) . . . within ten days' thereafter." (pages —— and ——, 97 S.Ct. pages 2455–2457).

Accordingly, the defendant's Motion to Dismiss must be denied.