**Harold G. NEWCOMB, Plaintiff-Appellant,**

v.

**Nancy J. INGLE, Individually and as Assistant County Attorney of the County of Crawford, State of Kansas; Jean A. Newcomb; Howard Q. Day, Defendants-Appellees.**

No. 86–2829.

United States Court of Appeals, Tenth Circuit.

Aug. 27, 1987.

Harold G. Newcomb, pro se.

Donald R. Noland, Pittsburg, Kan., for defendant-appellee Nancy J. Ingle.

Vernon D. Grassie, Girard, Kan., for defendants-appellees Jean A. Newcomb and Howard Q. Day.

Before ANDERSON and BARRETT, Circuit Judges, and THOMPSON, District Judge.[*]

PER CURIAM.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R. App.P. 34(a); 10th Cir.R. 34.1.8(c) and 27.1.-2. The cause is therefore ordered submitted without oral argument.

Harold G. Newcomb sued his ex-wife, her father, and an assistant county attorney of Crawford County, Kansas, over a recorded telephone call which yielded information leading to Newcomb's ultimate conviction on various criminal charges, and severance of his parental rights. Among other things,[1] Newcomb alleged that all of the defendants conspired to violate his civil rights by the interception, alleged unconstitutional search and seizure, and subsequent use of his telephone call, in violation of 42 U.S.C. § 1983. He also alleged that the interception of his telephone call violat-

---

[*] The Honorable Ralph G. Thompson, Chief Judge, United States District Court for the Western District of Oklahoma, sitting by designation.

1. Newcomb's complaint cites the Sixth Amendment and 18 U.S.C. § 241 as additional bases for his complaint. Those claims are defective on their face. The Sixth Amendment is not implicated by the facts of this case. Section 241 is a criminal statute prohibiting acts of conspiracy against the rights of citizens, and it does not provide for a private civil cause of action.

ed 18 U.S.C. § 2520.[2] The district court dismissed Newcomb's complaint on multiple grounds, all of which Newcomb contests on appeal. We affirm.

Harold and Jean Newcomb were divorced prior to 1983. Jean was awarded custody of their children who thereafter resided with her at her residence. On or about January 16, 1983, Jean caused her father, Howard Q. Day, to attach a wiretap and recording device to the telephone line in the basement of her residence. Through the use of that device Jean intercepted and recorded telephone conversations between Harold and the children. In one of the recorded conversations Harold directed the children to set the house on fire. On June 8, 1983, a fire occurred at the residence. After leaving the premises at the time of the fire, Jean informed an investigating officer of the tape recordings and directed him to the location of the wiretap and recording device in her house. Pursuant to that information, and Jean's consent, investigating officers retrieved the June 8 tape from the residence. Subsequently, Jean sent other tapes to assistant county attorney, Nancy Ingle, to whom the matter had been assigned. Based upon information in the tape recordings Ingle brought several criminal charges against Harold, resulting in a conviction. Proceedings were also begun in juvenile court leading ultimately to a severance of Harold's parental rights. As part of Harold's defense in the criminal proceedings his attorney sought to suppress use of the tapes. An initial motion to that effect was denied in July, 1983. The motion was later renewed without success. There was no appeal on the point following Harold's conviction.

As indicated, the complaint in this case was dismissed by the district court upon multiple grounds. The court ruled that assistant county attorney Ingle was absolutely immune from suit under 42 U.S.C. § 1983 and 18 U.S.C. § 2520, based on prosecutorial immunity, because the allegations of the complaint clearly revealed that Ingle's activities were "intimately associated with the prosecutorial phase of the criminal process." The section 1983 action against Jean and her father was dismissed because they were not "acting under color of state law," as is required in a section 1983 claim, when they intercepted Harold's telephone calls. Additionally, the section 1983 claim was determined by the district court to be barred by the doctrine of collateral estoppel since Harold "had a full and fair opportunity to litigate the substance of his section 1983 claim in his state criminal action." In the state action, use of the tapes had been determined to be legal, and no appeal was taken. Finally, the district court determined that the complaint was barred by the statute of limitations as to the cause of action stated under section 2520.

We agree with the district court's reasoning and grounds for dismissal, subject to the comments below. The opinion of the district court, set forth in its Memorandum and Order of November 21, 1986, ably elaborates upon and supports those grounds for dismissal, and it serves no purpose to reiterate the reasoning and authorities here. However, the issue relating to the statute of limitations merits comment for two reasons.

■ This circuit has not previously determined the appropriate statute of limitations under Kansas law to be applied to a federal cause of action arising under 18 U.S.C. § 2520.[3] The district court determined the applicable statute of limitations to be the two-year period specified in Kan. Stat.Ann. § 60–513(a)(4) (1983). We agree.

18 U.S.C. sections 2510–2520 were enacted in 1968 "to protect effectively the priva-

---

**2.** 18 U.S.C. § 2520 provides that a civil action may be brought for interception of wire or oral communications in violation of any of the provisions of 18 U.S.C. §§ 2510–2519.

**3.** Where there is no specifically stated or otherwise relevant federal statute of limitations for a federal substantive claim created by Congress,

the federal courts must apply "the most appropriate" or "the most analogous" statute of limitations provided by state law. *Board of Regents v. Tomanio,* 446 U.S. 478, 488, 100 S.Ct. 1790, 1797, 64 L.Ed.2d 440 (1980); *Johnson v. Railway Express Agency, Inc.,* 421 U.S. 454, 462, 95 S.Ct. 1716, 1721, 44 L.Ed.2d 295 (1975).

cy of wire and oral communications" and "to safeguard the privacy of innocent persons." Pub.L. No. 90–351, § 801(b), (d) (1968), *reprinted in* 18 U.S.C. § 2510 at 401 (1982). "[T]he protection of privacy was an overriding congressional concern" in enacting 18 U.S.C. §§ 2510–2520. *Gelbard v. United States*, 408 U.S. 41, 48, 92 S.Ct. 2357, 2361, 33 L.Ed.2d 179 (1972); *see also United States v. Vest*, 813 F.2d 477, 481 (1st Cir.1987); *United States v. Underhill*, 813 F.2d 105 (6th Cir.1987); *In re Globe Newspaper Co.*, 729 F.2d 47, 53 (1st Cir.1984). Invasion of the right of privacy is the most analogous state private cause of action to a claim under section 2520. *See Awbrey v. Great Atl. & Pac. Tea Co.,*. 505 F.Supp. 604, 607 (N.D.Ga.1980). *See also Brown v. American Broadcasting Co.*, 704 F.2d 1296, 1302–03 (4th Cir.1983).

■ The Kansas courts have recognized invasion of the right of privacy as a tort upon which a cause of action may be based. *Ringsley v. Frydman*, 221 Kan. 297, 559 P.2d 334, 339 (1977). The statute of limitations for an invasion of privacy claim in Kansas is Kan.Stat.Ann. § 60–513(a)(4) (1983) which is the two-year tort catch-all provision for actions involving "injury to the rights of another, not arising on contract, and not herein enumerated." *Ringsley v. Brandt*, 446 F.Supp. 850, 858 (D.Kan. 1977). Accordingly, we hold that actions brought under 18 U.S.C. § 2520 in Kansas are subject to a two-year statute of limitations.

■ The second reason for considering the statute of limitations issue deals with the time when the alleged causes of action in this case accrued. Previous decisions by this court have indicated that the issue of accrual is determined by reference to state law. *See Clulow v. Oklahoma*, 700 F.2d 1291 (10th Cir.1983). *See also DeVargas v. Montoya*, 796 F.2d 1245 (10th Cir.1986). Those cases relied upon certain language in *Johnson v. Railway Express Agency*, 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975), and *Board of Regents v. Tomanio*, 446 U.S. 478, 100 S.Ct. 1790, 64 L.Ed.2d 440 (1980).[4] Upon further consideration of the matter we now conclude that the issue is more directly addressed and is controlled by the decision of the Supreme Court in *Rawlings v. Ray*, 312 U.S. 96, 61 S.Ct. 473, 85 L.Ed. 605 (1941). In that case the Supreme Court held that the issue of accrual of a cause of action in a lawsuit by a receiver of a national bank to collect an assessment from a stockholder was a federal question. We now hold, therefore, that federal law controls questions relating to accrual of federal causes of action.[5] To the extent that our prior decisions in *Clulow* and *DeVargas* state otherwise, they are overruled. We are authorized to state that the active judges on this court concur in this determination.

As the Fourth Circuit noted in *Brown v. American Broadcasting Co.*, 704 F.2d at 1304, there has not been a uniformity of approach among the few federal courts which have considered when a cause of action for illegal surveillance accrues under federal law. Some courts have concluded that the action accrues when the plaintiff discovers or, by the exercise of due diligence, could have discovered that his communications were intercepted. Other courts have determined that the discovery rule is inapplicable and that the action accrues as soon as the wrong is committed, with the provision that the running of the

**4.** "In borrowing a state period of limitation for application to a federal cause of action, a federal court is relying on the State's wisdom in setting a limit, and exceptions thereto, on the prosecution of a closely analogous claim." *Tomanio*, 446 U.S. at 486, 100 S.Ct. at 1796 (quoting *Johnson*, 421 U.S. at 464, 95 S.Ct. at 1722).

**5.** *Accord Gibson v. United States*, 781 F.2d 1334, 1340 (9th Cir.1986), *cert. denied,* —— U.S. ——, 107 S.Ct. 928, 93 L.Ed.2d 979 (1987); *Longoria v. City of Bay City*, 779 F.2d 1136, 1138 (5th Cir.1986); *City of Long Beach v. Dep't of Energy*, 754 F.2d 379, 390 (Temp.Emer.Ct.App.1985); *Deary v. Three Un-Named Police Officers*, 746 F.2d 185, 197 (3d Cir.1984); *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir.1984); *Kennedy v. Tallant*, 710 F.2d 711, 716 (11th Cir.1983); *Keating v. Carey*, 706 F.2d 377, 382 (2d Cir.1983); *Brown v. American Broadcasting Co.*, 704 F.2d at 1304 (1983); *Fernandez v. Chardon*, 648 F.2d 765, 767 (1st Cir.), *rev'd on other grounds*, 454 U.S. 6, 102 S.Ct. 28, 70 L.Ed.2d 6 (1981).

statute may be tolled by fraudulent concealment on the part of the defendant.

 It is not necessary for us to decide which rule applies in this case since the causes of action alleged in the complaint are barred under either approach.[6] As the district court pointed out, Harold's July, 1983 motion in state court to suppress the intercepted recordings established Harold's actual knowledge; and the acts of interception, and use of the tapes by the county attorney's office, obviously occurred earlier. Thus, absent some exception, Harold's alleged causes of action accrued no later than July, 1983. This lawsuit was commenced in December, 1985, beyond the two-year statute of limitations which applies both to the section 1983 claim and the section 2520 claim.[7] Harold argues in a series of conclusory statements, and by the use of fervent but attenuated reasoning, that his cause of action accrued at some later date, or that the statute was tolled, because assistant county attorney Ingle fraudulently concealed a conspiracy with the other defendants to use the tapes illegally in a criminal prosecution against him. We reject those arguments. Under the facts of this case, as set out in Harold's own pleadings, there is no potential for a cognizable issue of fact on a theory of fraudulent concealment. Accordingly, we affirm the district court's holding that Harold's section 2520 claim was brought beyond the time period defined by the applicable statute of limitations, Kan.Stat.Ann. § 60–513(a)(4). We also hold that Harold's section 1983 cause of action was similarly time barred by the same statute of limitations.

Other points have been raised on appeal, none of which merit comment. For the many reasons referred to above, the dismissal of the complaint in this case by the district court is AFFIRMED.

---

6. Since our opinion in this case changes this circuit's previous rule on accrual, it is important to note that even if the state rule on accrual were applied to this case, the result would be no different. Kan.Stat.Ann. § 60–513(b) is the relevant provision concerning accrual of the plaintiff's claims. It provides:

(b) Except as provided in subsection (c) of this section, the cause of action in this action [section] shall not be deemed to have accrued until the act giving rise to the cause of action first causes substantial injury, or, if the fact of injury is not reasonably ascertainable until some time after the initial act, then the period of limitations shall not commence until the fact of injury becomes reasonably ascertainable to the injured party, but in no event shall the period be extended more than ten (10) years beyond the time of the act giving rise to the cause of action.

7. It is well established that the statute of limitations for 42 U.S.C. § 1983 actions commenced in the District of Kansas is two years. *Cowrey v. Eastborough,* 730 F.2d 1376, 1378 (10th Cir. 1984). *Accord Wilson v. Garcia,* 471 U.S. 261, 280, 105 S.Ct. 1938, 1949, 85 L.Ed.2d 254 (1985); *Hamilton v. Overland Park,* 730 F.2d 613, 614 (10th Cir.1984), *cert. denied,* 471 U.S. 1052, 105 S.Ct. 2111, 85 L.Ed.2d 476 (1985).