930 F.2d 34
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Forrest Delayne MARTINSON, Plaintiff-Appellant,
v.
James WOLNEY and Randy Linck, Defendants-Appellees.
 No. 90-3258.
 United States Court of Appeals, Tenth Circuit.
 Feb. 26, 1991.
 
 Before STEPHEN H. ANDERSON, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff was arrested by the Brown County, Kansas Sheriff's Department on September 1, 1985 on charges of aggravated assault and making terroristic threats. On the following day, he signed a waiver of his Miranda rights and gave a written statement. In January 1986, plaintiff was aquitted of the aggravated assault charge and convicted of making a terroristic threat. This conviction was affirmed by the Kansas Court of Appeals and the Kansas Supreme Court.
 
 
 3
 Plaintiff filed this civil rights action pursuant to 42 U.S.C. Sec. 1983 in July 1989, claiming defendants violated his constitutional rights in the course of his arrest and conviction. Defendants filed a motion for summary judgment, which was granted by the district court. We affirm.
 
 
 4
 In reviewing a summary judgment order, we apply the same standard employed by the district court under Rule 56 of the Federal Rules of Civil Procedure. Osgood v. State Farm Mut. Auto. Ins. Co., 848 F.2d 141, 143 (10th Cir.1988). We will affirm only if it is clear from the record there are no genuine issues of material fact. Id. We review the district court's legal conclusions de novo. In re Ruti-Sweetwater, Inc., 836 F.2d 1263, 1266 (10th Cir.1988).
 
 
 5
 The Supreme Court has held the statute of limitations for a section 1983 action is the state statute of limitations for a personal injury action. Wilson v. Garcia, 471 U.S. 261, 275-77 (1985). We noted in Newcomb v. Ingle, 827 F.2d 675, 679 n. 7 (10th Cir.1987), that "[i]t is well-established that the statute of limitations for 42 U.S.C. Sec. 1983 actions commenced in the District of Kansas is two years." All of the actions plaintiff complains of occurred before July 1987. Although the limitations period is tolled for a person imprisoned for less than a life term, the tolling statute states that "if a person imprisoned for any term has access to the court for purposes of bringing an action, such person shall not be deemed to be under legal disability." Kan.Stat.Ann. Sec. 60-515(a). We find no evidence in the record indicating plaintiff's access to the courts was unduly restricted during his incarceration. We therefore conclude the district court did not err in granting summary judgment in favor of defendants.
 
 
 6
 We also find the district court did not abuse its discretion in refusing to appoint counsel for plaintiff. See Blankenship v. Meachum, 840 F.2d 741, 743 (10th Cir.1988). Nor did the court abuse its discretion in not hearing oral argument on defendants' motion for summary judgment. Because we find plaintiff presents a reasoned argument on the law and facts in support of the issues raised on appeal and is financially unable to pay the costs and fees on appeal, see Coppedge v. United States, 369 U.S. 438 (1962); Ragan v. Cox, 305 F.2d 58 (10th Cir.1962), we grant plaintiff's motion to proceed in forma pauperis, reach the merits, and AFFIRM the order of the district court. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3