Ivan A. ANIXTER, et al.,
Plaintiffs–Appellees,

v.

HOME–STAKE PRODUCTION
COMPANY, et al.,
Defendants,

and

Wynema Anna Cross, Executrix of the Estate of Norman C. Cross, Jr., et al., Defendants–Appellants.

Nos. 90–5040 to 90–5049, 90–5051, 90–5053, 90–5055 to 90–5059 and 90–5062 to 90–5067.

United States Court of Appeals, Tenth Circuit.

Oct. 21, 1991.

Walter Steele, Denver, Colo., and Thomas M. Affeldt, co-counsel (C.B. Savage, with him on the briefs), of Savage, O'Donnell, Scott, McNulty & Affeldt, Tulsa, Okl., for defendant-appellant E.M. Kunkle.

B. Hayden Crawford (Kyle B. Haskins, with him on the briefs), of Crawford, Crowe & Bainbridge, P.A., Tulsa, Okl., for defendants-appellants Norman C. Cross, Jr.; Wynema Anna Cross, Executrix of the Estate of Norman C. Cross, Jr.; and Cross and Co.

Stan P. Doyle (James C. Thomas, with him on the briefs), of Doyle & Harris,

Tulsa, Okl., for defendant-appellant Kothe & Eagleton, Inc., a professional corp.

Peter Van N. Lockwood of Caplin & Drysdale, Chartered, Washington, D.C. (Elihu Inselbuch of Caplin & Drysdale, New York City, William A. Wineberg and Michael R. Simmonds of Broad, Schulz, Larson & Wineberg, San Francisco, Cal., and William H. Hinkle, Tulsa, Okl., with him on the briefs), for plaintiffs-appellees.

Frank E. Sims, pro se.

Robert S. Trippet, pro se.

Before MOORE, ANDERSON, and BRORBY, Circuit Judges.

JOHN P. MOORE, Circuit Judge.

Before us are plaintiffs' petition for rehearing and suggestion for rehearing en banc and the Securities and Exchange Commission's (SEC) motion for leave to file a brief as amicus curiae in support of plaintiffs' petition for rehearing. Plaintiffs' petition for rehearing is granted in part in order to clarify our prior opinion to reference the language of Section 9(e) of the Securities Exchange Act of 1934 (the 1934 Act) in accord with the Supreme Court's recent decision in *Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson*, —— U.S. ——, 111 S.Ct. 2773, 115 L.Ed.2d 321 (1991), and to dispose of the issue of the retroactive application of *Lampf, Pleva*. With respect to all other issues raised by plaintiffs, the petition is denied. We grant the SEC's motion for leave to file an amicus brief.

In our prior opinion, we stated, "the one-year/three-year scheme of the 1933 and 1934 Acts was the more appropriate limitations period for Section 10(b)," without specifying § 9(e) of the 1934 Act. *Anixter v. Home–Stake Prod. Co.*, 939 F.2d 1420, 1441 (10th Cir.1991). However, in rejecting Tenth Circuit precedent on the applicable statute of limitations under § 10(b), the order referred to our previous discussion under Section 13 of the Securities Act of 1933 (the 1933 Act), as amended by the 1934 Act, to supply the rationale for dismissing plaintiffs' implied cause of action on statute of limitations grounds. *Id.* We amend that order to include the following discussion.

■ In deciding to analogize the statute of limitations under § 10(b) of the 1934 Act to one of the express limitary periods found in the 1933 and 1934 Acts, the Court, in *Lampf, Pleva*, noted that each express cause of action included explicit and similar limitations periods. "With only one more restrictive exception,[1] each of these includes some variation of a 1–year period after discovery combined with a 3–year period of repose." *Id.* 111 S.Ct. at 2780. From among these one-year, three-year provisions and "[t]o the extent that these distinctions in the future might prove significant," *id.* at 2782, n. 9, the Court selected § 9(e), 15 U.S.C. § 78i(e) as the "governing standard for an action under § 10(b)."[2] *Id.* In arriving at this conclusion, the Court expressly agreed with "every Court of Appeals that has been called upon to apply a federal statute of limitations to a § 10(b) claim that the express causes of action contained in the 1933 and 1934 Acts provide a more appropriate statute of limitations than does § 20A." *Id.* at 2781.[3]

1. The more restrictive section, the Court noted, is Section 16(b), 15 U.S.C. § 78p(b), which "sets a 2–year rather than a 3–year period of repose. Because that provision requires the disgorgement of unlawful profits and differs in focus from § 10(b) and from the other express causes of action, we do not find § 16(b) to be an appropriate source from which to borrow a limitations period here." *Lampf, Pleva*, 111 S.Ct. at 2780, n. 5. The one-year, three-year designs, the Court stated, were found in Section 9(e) and Section 18(c) of the 1934 Act and Section 13 of the 1933 Act, as amended in 1934.

2. Section 9(e) of the 1934 Act, 15 U.S.C. § 78i(e), states: "No action shall be maintained to enforce any liability created under this section, unless brought within one year after the discovery of the facts constituting the violation and within three years after such violation."

3. The Court cited *Ceres Partners v. GEL Assocs.*, 918 F.2d 349 (2d Cir.1990) (borrowing 1934 Act's one-year/three-year period for express rights of action under §§ 9(e) and 18(a) provides the closer analogy given federal policies underlying federal securities laws); *Short v. Belleville Shoe Mfg. Co.*, 908 F.2d 1385 (7th Cir.1990), *cert. denied*, —— U.S. ——, 111 S.Ct.

Despite the Court's recognition of the substantial similarity of the wording of these express limitary periods, plaintiffs contend the slightly different wording of § 9(e), in fact, calls for "actual notice" while the language of § 13 requires only inquiry notice. We find no such distinction; nor did the Court in *Lampf, Pleva*.

Instead, in *Lampf, Pleva*, the Court observed, "Although not identical in language, all these [express statutes of limitations] relate to one year after discovery and to three years after violation." *Id.* 111 S.Ct. at 2777, n. 2. When the Court selected § 9(e), it did not necessarily indicate a preference for the type of notice of the violation [4] but sought a "governing" standard to link the implied § 10(b) remedy to those express securities causes of action which uniformly require one year after notice of the violation and not more than three years after the violation.

Thus, under *Lampf, Pleva*, in overlaying an implied remedy to their express causes of action, plaintiffs were required to show their complaint was timely filed within one year of their notice of the violation, when they knew or should have known, and no later than three years after the violation.[5] Our previous analysis of when plaintiffs were on notice of the violation remains applicable to their § 10(b) claims. Indeed, under the analysis set forth in *Lampf, Pleva*, the Anixter plaintiffs' § 10(b) cause of action is, therefore, untimely filed.

■ Moreover, in *Lampf, Pleva*, after resolving a split in the Circuits, the Court applied the decision to the case before it. On the same day, in *James B. Beam Distilling Co. v. Georgia*, —— U.S. ——, 111 S.Ct. 2439, 2448, 115 L.Ed.2d 481 (1991), a plurality opinion, the Court grounded the question of retroactivity "entirely to an issue of choice of law" and stated, "when the Court has applied a rule of law to the litigants in one case it must do so with respect to all others not barred by procedural requirements or res judicata." A week later, the Court granted a writ of certiorari in *Welch v. Cadre Capital*, 923 F.2d 989 (2d Cir.1991), which had held that *Ceres Partners v. GEL Assocs.*, 918 F.2d 349 (2d Cir.1990), met "the threshold [Chevron] requirement for nonretroactive application." 923 F.2d at 994. The Court vacated and remanded the case for further consideration in light of the discussion in *James Beam* and *Lampf, Pleva*. *Northwest Savings Bank v. Welch*, —— U.S. ——, 111 S.Ct. 2882, 115 L.Ed.2d 1048 (1991). Consequently, the Court has resolved the issue of retroactivity.

Finding no merit in plaintiffs' additional assertions of error, we therefore amend the order as noted and deny the petition for rehearing. The SEC's motion for leave to file a memorandum as amicus curiae is granted.

The suggestion for rehearing en banc was submitted to the entire court in accordance with Fed.R.App.P. 35(b), but no judge in regular active service sought rehearing en banc. Judges Holloway and Seymour did not participate.

---

2887, 115 L.Ed.2d 1052 (1991) (borrowing § 13 statute of limitations as the closer analogue for § 10(b)); *In re Data Access Systems Sec. Litig.*, 843 F.2d 1537 (3d Cir.), *cert. denied*, 488 U.S. 849, 109 S.Ct. 131, 102 L.Ed.2d 103 (1988) (§ 9(e), one year after discovery of facts constituting the violation, and in no event more than three years after such violation, is proper period of limitations).

4. The Court cited with approval the discussion in *Short v. Belleville Shoe*, 908 F.2d at 1385, which borrowed the § 13 statute of limitations.

5. Federal law governs when a cause of action accrues. *Rawlings v. Ray*, 312 U.S. 96, 61 S.Ct. 473, 85 L.Ed. 605 (1941). It would appear that the general rule for this determination in federal court is an objective test, knows or should have known; discovers or in the exercise of reasonable diligence should discover, the facts giving rise to the claim. The distinction is often blurred. For example, in *Dzenits v. Merrill, Lynch, Pierce, Fenner & Smith, Inc.*, 494 F.2d 168, 171 (10th Cir.1974), to decide whether the state statute of limitations had run on a 10(b) claim, the court stated, "[T]he crucial issue of fact with respect to the commencement of the running of the applicable two-year statute of limitations is when the plaintiff actually knew, or in the exercise of reasonable diligence should have known...."