OPINION
AMBRO, Circuit Judge.
In March 1988, Shih-Liang Chen purchased property to build a Super 8 Motel. Events related to this purchase led to several lawsuits over the last two decades, including the current suit. In particular, Chen has consistently alleged violations of his civil rights (including his equal protection rights). In this case, Chen brought related claims by means of a 42 U.S.C. § 1983 suit against the Township of Fair-field, as well as its mayor, town council, planning board, and engineer. Chen has also sued his former attorney, Bennett Stern, and Stern’s law firm, Stern, Lavin-thal, Frankenberg & Norgaad, LLC.[1]
The District Court granted the defendants’ Rule 12(b)(6) motions to dismiss for failure to state a claim. We deny Chen’s motion for leave to file a supplemental appendix and affirm the judgment of the District Court.
I.
Over two decades ago, Chen purchased property in the Township of Fan-field to construct a Super 8 Motel. While Chen was working to gain the town’s approval of the motel, the town council amended its zoning ordinance to prohibit the construction of hotels and motels in Fairfield. Under the amended zoning ordinance, Chen was denied a permit to construct his motel. In response, he sued in state court, alleging that the amendment to the zoning ordinance was passed specifically to prevent him from building the motel. As evidence, Chen noted that, after denying his permit, the planning board approved a different hotel’s expansion. The state court invalidated Fairfield’s amended zoning ordinance, but provided the township with an opportunity to revise it.
In response to the state court’s ruling, Fairfield amended its zoning ordinance in February 1989. Chen again filed suit, this time alleging civil rights violations in connection with the denial of his permit. He settled his underlying claims with the township and its officials in 1990, when Fairfield agreed to allow him to build his motel. Following this settlement, Chen alleges that the township and various officials continued to impede his efforts to construct the motel. As a result, Chen moved to enforce the settlement. Once again, the township agreed to settle the dispute.
In May 1991, Chen was given final approval for his motel. In spite of this approval, he alleges that the township continued to place unnecessary obstacles in his path. For instance, the township did not issue a construction permit until April 1992 — only to revoke it a week later. As a result of these delays and acts, Chen alleges that he lost the property for his motel through foreclosure.
Since 1993, Chen has brought three related lawsuits — one in state court and two (including this ease) in federal court. In his state court action, Chen filed a motion to vacate the initial stipulation of settlement. The trial court denied Chen’s motion, and the appellate division affirmed. The New Jersey Supreme Court denied his petition for certification. In his 1998 *658 federal action, Chen sued the township, as well as its mayor, council, planning board, and two town council members, alleging violations of his civil rights and a breach of the initial settlement agreement. The District Court dismissed Chen’s suit as both untimely and barred by claim preclusion and laches. His appeal was dismissed by this Court for failure to prosecute.
In the current case, Chen again alleges violations of his civil rights by the same parties. Chen has also brought civil rights claims against his former attorney, Bennett Stern, as well as Stern’s law firm and the town engineer.
On July 31, 2008, 2008 WL 2966173, in the current action, the District Court granted the defendants’ 12(b)(6) motion to dismiss for failure to state a claim. The Court held that the claims against the township, as well as its mayor, council, and planning board, were barred by claim preclusion. It further concluded that the claims against Stern, Stern’s law firm, and the town engineer were barred by the statute of limitations. Chen filed a timely notice of appeal. We disagree with Chen, and thus affirm.
II.
The District Court had jurisdiction over this case under 28 U.S.C. § 1331. We have jurisdiction over this appeal under 28 U.S.C. § 1291.
The standard of review on a Rule 12(b)(6) motion to dismiss is plenary. See Phillips v. County of Allegheny, 515 F.3d 224, 230 (3d Cir.2008). A motion to dismiss should be granted if the plaintiff is unable to plead “enough facts to state a claim to relief that is plausible on its face.” Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The plausibility standard “asks for more than a sheer possibility that a defendant has acted unlawfully.” Ashcroft v. Iqbal, — U.S.-, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). “Factual allegations must be enough to raise a right to relief above the speculative level.... ” Twombly, 550 U.S. at 555, 127 S.Ct. 1955.
III.
The Township of Fairfield, as well as its mayor, council, and planning board, argue that Chen’s causes of action against them in this case are barred by the doctrine of claim preclusion. We agree.[2]
“Claim preclusion bars a party from litigating a claim that it could have raised or did raise in a prior proceeding in which it raised another claim based on the same cause of action.” CoreStates Bank, N.A. v. Huls America, Inc., 176 F.3d 187, 191 (3d Cir.1999). “Claim preclusion requires: (1) a final judgment on the merits in a prior suit involving ... (2) the same parties or their privities[,] and (3) a subsequent suit based on the same cause of action.” Bd. of Trs. of Trucking Employees of N. Jersey Welfare Fund, Inc. v. Centra, 983 F.2d 495, 504 (3d Cir.1992). “If these three factors are present, a claim that was or could have been raised previously must be dismissed as precluded.” CoreStates Bank, N.A., 176 F.3d at 194. With these requirements in mind, “[a] cause of action is defined by its factual contours.” Id. at 200. “In deciding whether two suits are based on the same ‘cause of action,’ we take a broad view, looking to whether there is an ‘essential similarity of the underlying events giving rise to the various legal claims.’ ” Id. at 194 (quoting United *659 States v. Athlone Indus., 746 F.2d 977, 984 (3d Cir.1984)).
We turn first to the “final judgment” requirement of claim preclusion. In 1998, the District Court ruled on the merits of Chen’s civil rights claims against the township, as well as its mayor, council, and planning board. In its 1998 opinion, the Court granted the defendants’ 12(b)(6) motion to dismiss for failure to state a claim. Federal Rule of Civil Procedure 41(b) provides that, “[ujnless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule — except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 — operates as an adjudication on the merits.” Therefore, under Rule 41(b), the District Court’s 1998 decision to dismiss Chen’s complaint (which was based on untimeliness, claim preclusion, and laches) “operates as an adjudication on the merits.”
The final two requirements of claim preclusion are also satisfied in this case. Chen brought both his 1998 action and the current case against the same parties. Furthermore, Chen’s allegations in this case arise out the “same cause of action” — in other words, the same series of events related to his attempt to construct a motel in Fairfield. As all three requirements for claim preclusion are satisfied, we hold that the District Court’s 1998 decision precludes Chen’s current suit against the township, and its mayor, council, and planning board.
IV.
Since Stern, Stern’s law firm, and the town engineer were not parties to the 1998 federal action, Chen’s claims against them are not barred by claim preclusion. Even so, his claims against these parties are over a decade old. Therefore, the District Court concluded that these claims were prohibited by the statute of limitations. Again we agree.
The statute of limitations for § 1983 actions “is that which the State provides for personal-injury torts.” Wallace v. Kato, 549 U.S. 384, 387, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007). Under New Jersey law, the relevant statute of limitations is two years. See N.J. Stat. Ann. § 2A:14-2. At the same time, “the accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law.” Wallace, 549 U.S. at 388, 127 S.Ct. 1091 (emphasis in original). “[Accrual occurs] when the plaintiff has ‘a complete and present cause of action’ ” — in other words, when “the plaintiff can file suit and obtain relief.” Bay Area Laundry & Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal., Inc., 522 U.S. 192, 201, 118 S.Ct. 542, 139 L.Ed.2d 553 (1997) (quoting Rawlings v. Ray, 312 U.S. 96, 98, 61 S.Ct. 473, 85 L.Ed. 605 (1941)). Under this rule, “ ‘[t]he cause of action accrues even though the full extent of the injury is not then known or predictable.’ ” Wallace, 549 U.S. at 391, 127 S.Ct. 1091 (quoting 1 C. Corman, Limitations of Actions § 7.4.1, at 526-27 (1991)). On a related note, “[t]he discovery rule dictates that a cause of action accrues when a potential claimant discovers, or should have discovered, the injury that forms the basis of his claim.” Disabled in Action of Pa. v. Se. Pa. Transp. Auth., 539 F.3d 199, 216 (3d Cir.2008).
The underlying events that gave rise to Chen’s civil rights allegations ended in 1993, with the final denial of Chen’s construction permit by the Construction Board of Appeals. Chen alleged similar civil rights violations in his 1998 federal action — thereby demonstrating his knowledge over a decade ago of the injuries that are the basis of his causes of action in this case. Whether his causes of action ac *660 crued in 1993 or 1998, Chen’s claims against Stern, Stern’s law firm, and the town engineer are barred by the two-year statute of limitations.
Finally, Chen’s claims are not saved by the discovery rule, for he fails to establish in his complaint that the allegations against Stern et al. were based on information that was not available to him (or should not have been discovered by him) until now. Indeed, there appeal’ to have been no obstacles to Chen discovering these injuries in time to bring them in his 1998 federal action. We thus hold that Chen’s claims against Stern, his law firm, and the town engineer are time-barred. * * ‡ * *
We deny Chen’s motion for leave to file a supplemental appendix and affirm the judgment of the District Court.

. In his amended complaint, Chen raises three new state law claims: 1) a fraud claim against all of the defendants; 2) a breach of fiduciary duty claim against Stern and Stern's law firm; and, 3) a legal malpractice claim against Stern and Stern's law firm. The District Court properly exercised its discretion under 28 U.S.C. § 1367(c) in declining to exercise supplemental jurisdiction over these state law claims after dismissing Chen's federal claims.

. Just prior to the disposition date of this matter, Chen submitted a collection of additional supporting documents. He did not have authorization to do so. Chen then filed a motion for leave to file these documents as a supplemental appendix. We deny that motion.