930 F.2d 33
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Jamie Edward HARTZELL, Plaintiff-Appellant,
v.
HONDA MOTOR COMPANY LTD., American Honda Motors, Co., Inc.,
a California corporation, Honda Research and
Development, Ltd., Honda Research of
America, Defendants-Appellees.
 No. 90-4016.
 United States Court of Appeals, Tenth Circuit.
 April 8, 1991.
 
 Before BALDOCK, BRORBY and McWILLIAMS, Circuit Judges.
 ORDER AND JUDGMENT*
 BALDOCK, Circuit Judge.
 
 
 1
 Plaintiff-appellant Jamie Edward Hartzell filed a Fed.R.Civ.P. 60(b) motion on November 7, 1989, seeking relief from the district court's November 29, 1988 order denying his motion for new trial or judgment n.o.v. See Rec. vol. II, doc. 411 at 10 (relying upon Fed.R.Civ.P. 60(b)(2), (3) & (6).[1] Plaintiff sought relief on the basis of newly discovered evidence which he claims was suppressed by defendants during discovery.
 
 
 2
 Our review of the denial of a Rule 60(b) motion is for an abuse of discretion. Browder v. Director, Dep't of Corrections, 434 U.S. 257, 263 n. 7 (1978). Plaintiff raises numerous issues pertaining to the underlying judgment, but an appeal from the denial of a Rule 60(b) motion does not run to the underlying judgment. Id. ; DeVargas v. Montoya, 796 F.2d 1245, 1258 (10th Cir.1986), overruled on other grounds, Newcomb v. Ingle, 827 F.2d 675 (10th Cir.1987). Plaintiff's Rule 60(b) motion for relief from the final judgment in this case was filed within the one-year time limitation for motions under Rule 60(b)(2) & (3). See supra n. 1.
 
 
 3
 To obtain relief under Rule 60(b)(3), plaintiff was required to prove by clear and convincing evidence that defendants' conduct constituted fraud, misrepresentation or other misconduct. Anderson v. Dep't of Health & Human Servs., 907 F.2d 936, 952 (10th Cir.1990). The district court found that: (1) defendants reasonably complied with the court's bench discovery order concerning the Pawling deposition documents, (2) defendants' corporate designee, Mr. Tanaka, referred to different documents from those now relied upon by plaintiff when Mr. Tanaka testified that preliminary testing documents had been destroyed, and (3) the photographs and the rack testing reports now relied upon by plaintiff were not the subject of a discovery request or order. Rec. vol. I, doc 420 at 2-5. Plaintiff has not convinced us that these findings are clearly erroneous; consequently, plaintiff cannot demonstrate by clear and convincing evidence that he is entitled to relief from judgment based upon claimed misconduct of the defendants.
 
 
 4
 Newly discovered evidence may result in a new trial upon a Rule 60(b)(2) motion if the following conditions are met: (1) the evidence is newly discovered since trial; (2) the movant was diligent in discovering the new evidence; (3) the new evidence is not merely cumulative or impeaching; (4) the new evidence is material; and (5) a new trial (with the newly discovered evidence) would probably produce a different result. Graham v. Wyeth Laboratories, 906 F.2d 1399, 1416 (10th Cir.1990).
 
 
 5
 Concerning the Pawling deposition documents, the district court determined that some of the confusion about the scope of the discovery order concerning the Pawling deposition documents was attributable to the plaintiff. Rec. vol. I, doc. 420 at 4. Regarding the rack testing reports and the photographs, the district court determined that plaintiff did not make a request for production. This suggests that such evidence may not be newly discovered evidence. Rec. vol. I, doc. 420 at 5. Another problem concerns the materiality of some of the evidence. For example, some of the evidence concerns three-wheeled vehicles in contrast to the four-wheeled vehicle involved in this case. Admissibility of this evidence is problematic. After considering the admissible evidence in light of the triable issues in the case, plaintiff has not convinced us, nor did he convince the district court, that a new trial, with the newly discovered admissible evidence, would probably produce a different result. See Graham, 906 F.2d at 1418.
 
 
 6
 We have recognized that the trial judge is in a particularly good position to evaluate the merit of a motion for a new trial under Rule 60(b). Harris v. Illinois-California Express, 687 F.2d 1361, 1375 (10th Cir.1982). Given that the district court weighed the finality of the judgment against plaintiff's supporting evidence under Rule 60(b)(2) & (3), we cannot say that the district judge abused his discretion. See Ag Pro, Inc. v. Sakraida, 512 F.2d 141, 143-44 (5th Cir.1975), rev'd on other grounds, 425 U.S. 273 (1976).
 
 
 7
 AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Fed.R.Civ.P. 60(b) allows the court to "relieve a party or a party's legal representative from a final judgment, order, or proceeding...." (emphasis added). At issue in this case is the October 19, 1988 judgment on the jury verdict. Rec. vol. I, doc. 384. The judgment became final on November 29, 1988, the date the district court entered its order denying plaintiff's timely-filed Fed.R.Civ.P. 59(a) motion. See Fed.R.App.P. 4(a)(4)
 A motion under Fed.R.Civ.P. 60(b)(1)-(3) must be filed within one year after the final judgment is "entered or taken." Fed.R.Civ.P. 60. Given a timely-filed Rule 59 motion, the time-period for Rule 60(b)'s one-year limitation begins to run when the Rule 59 motion is denied. Nat'l Passenger R.R. Corp. v. Maylie, 910 F.2d 1181, 1183 (3rd Cir.1990). Thus, the Rule 60(b) one-year time period concerning the October 19, 1988 judgment in this case began running on November 29, 1988, when the district court denied plaintiff's timely-filed motion for new trial and judgment n.o.v. Accordingly, the plaintiff's Rule 60(b) motion (filed on November 7, 1989) is within the one-year limitation period.
 In addition to relief predicated on the grounds contained in Fed.R.Civ.P. 60(b)(2) & (3), plaintiff also seeks relief on the grounds contained in Rule 60(b)(6). Application of Rule 60(b)(6) is not subject to a one-year time limitation, however, it is well established that "clause (6) and the first five clauses of Rule 60(b) are mutually exclusive, with the result that clause (6) affords no basis for relief at any time available under either of the earlier clauses." Carr v. District of Columbia, 543 F.2d 917, 926 n. 72 (D.C.Cir.1976). Thus, we consider plaintiff's Rule 60(b) motion on grounds contained in (2) & (3).